### E. R. MONTGOMERY v. ANNIE SCOTT.

HUSBAND AND WIFE.  *Transfer between.*  *Section* 1178, *Code* 1880, *construed.*

A sale or transfer between husband and wife is invalid as to third parties unless all the requirements of § 1178, Code 1880, are strictly complied with. Neither the transfer nor notice to third parties can be established by parol proof.

APPEAL from the Circuit Court of Claiborne County.

HON. J. B. CHRISMAN, Judge.

The appellee brought an action of replevin against the appellant for two bales of cotton. Appellant claimed the cotton as landlord and by virtue of a deed of trust for a balance due her from John Scott, husband of appellee, for supplies. To defeat this claim appellee claimed that the cotton in controversy was raised on certain lands which she sub-leased from her husband, John Scott, being part of the land rented by John Scott from appellant; that the sub-lease was in writing and had been acknowledged, but had never been filed for record; it was not produced on the trial. Appellee claimed that she sub-leased with the consent of appellant's agent. Appellant moved to exclude all testimony respecting said sub-lease— 1st, Because it is null and void under § 1178 of the Code of 1880 ; 2d, Because the best evidence of the contract of sub-lease is the contract itself. This motion was overruled and the action thereon is assigned for error.

*J. McC. Martin,* for the appellant, argued orally and in writing.

Section 1178 of Code 1880 provides that " no *transfer* "—a sub-lease is a transfer—" of lands between husband and wife shall be valid as against any *third* person, unless such transfer be in writing and acknowledged and filed for record, etc., *and,* in such case *possession* of the property shall *not* be equivalent to filing the writing for

record, but to affect *third* persons, such writing *must* be filed for record." The design of this statute is evidently intended to prevent fraudulent combinations between husband and wife. Had it—the writing—been filed for record, it could not have operated against Mrs. Montgomery's consent in this case, because her contract, of which appellee knew, prohibited any under-letting. But, without this, the filing for record would have estopped her and her father from denying Annie's ownership of the cotton. If any other construction be given to the statute any tenant may combine with his wife and swear that he sub-let to her with the consent of his landlord, and thus defeat a just demand for supplies advanced. The statute is intended to go to the root and require such an authentication of this conjugal contract as to dispense with parol testimony to establish it, and the plea of notice is no exception. We contend, therefore, that the contract of sub-lease was null and ought to have been excluded.

*J. D. Vertner*, for the appellee.

1. As to § 1178 : But for the fact that the appellant by consenting to the sub-lease of the fifteen acres to appellee, upon condition the former received the rent (which testimony shows she did receive), the appellant need not have invoked § 1178, inasmuch as this cotton would then have been subject to the landlord's lien for rent and supplies—" as having been raised on the leased premises "—that is, upon the premises leased John Scott.

2. But this fifteen acres was severed from the " premises leased " John Scott by agreement of appellant, and therefore the cotton in controversy cannot be considered as raised on the premises leased John Scott, and therefore discharged from any lien for his liabilities to landlord.

3. And since the transfer of this land (fifteen acres) was made by that agreement with the landlord, it cannot fall within the transfers condemned by § 1178, as not being recorded.

*J. D. Vertner* also argued the case orally.

COOPER, J., delivered the opinion of the court.

. The object of § 1178 of the Code of 1880 was to prevent the

introduction of parol proof to establish either the existence of a contract of sale between husband and wife, or the fact that other persons had notice of such sales or transfers. A sale or transfer not made in the manner prescribed and recorded as is provided by said section is invalid. Nothing can be substituted as equivalent to the thing required by the statute to be done.

*Judgment reversed.*