## F. N. ARNOLD *v.* S. E. ELKINS.

1. ESTOPPEL. *Principal and agent. Husband and wife. Failure to disclose agency.*
   Where a husband has bought machinery with the means of his wife and affixed it to her land, she is not estopped as against his creditors, other than the seller, to assert her ownership thereof, because of the fact that in buying it her husband did not disclose his agency.

2. TRANSFER BETWEEN HUSBAND AND WIFE. *Fixtures. Code* 1880, § 1178.
   The fact that a husband, who has bought personal property with his own means permanently affixes it to his wife's land, cannot defeat the provisions of § 1178, code 1880, which makes void as to third persons all transfers of property between husband and wife which are not in writing, acknowledged and filed for record.

FROM the chancery court of Webster county.

HON. BAXTER McFARLAND, Chancellor.

This bill was filed by S. E. Elkins against F. N. Arnold, to enjoin the sale under execution of a steam engine and fixtures, including a gin feeder and.wagon scales.   These articles had been levied upon under a judgment in favor of Arnold against the husband of plaintiff, and are claimed by the latter as her separate property. The proof showed that the steam engine was purchased by the husband, but was permanently affixed to the land upon which they lived, the title to which was in Mrs. Elkins.   The husband paid for the engine partly with money belonging to his wife, and executed his note for the balance, which was discharged at maturity by the proceeds of crops raised upon the wife's land.

Mr. Elkins did not disclose to the seller of the engine that he was purchasing for his wife, and the latter did not know her in the transaction.

The gin feeder and platform scales were bought by Mr. Elkins with his own means, but were placed along with the engine as fixtures upon his wife's place.   The final decree in the court below enjoined the execution as to the engine and its fixtures, other than the gin feeder and scales, but these it subjected to the judgment. Both parties have appealed.

The opinion involves a construction of § 1178, code 1880, which is as follows :—

"No transfer or conveyance of goods and chattels or lands between husband and wife shall be valid as against any third person, unless such transfer or conveyance be in writing, and acknowledged and filed for record as a mortgage, or deed of trust of such property is required to be filed for record, and in such cases possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, such writing must be filed for record."

*A. F. Fox*, for appellant, F. N. Arnold.

The engine in controversy was sold to J. H. Elkins, who, in payment therefor, gave the seller a note made by other persons, payable to himself, and executed his own note for the balance, and the engine was then delivered to him. Certainly the title was thereupon vested in him. His wife was in no way liable for the purchase-price of the engine, but the property was liable for the amount due to the seller. The very moment Elkins purchased the property and it was delivered to him, he acquired a legal title, and it became subject to his debts. He certainly could not transfer it to his wife, as against his creditors, by the simple act of placing it on her land. Code 1880, § 1178.

*S. M. Roane* and *Brame & Alexander*, for appellee, S. E. Elkins.

It cannot be said that Mrs. Elkins obtained title to the engine through her husband. Her title to it is not dependent on any gift or conveyance from him. Section 1178 is intended to apply only to those cases where, in the absence of a deed or transfer from the husband to the wife, the property will be the husband's, or *vice versa*. The statute presupposes a transfer. Where the wife's title is not dependent on such transfer, the statute cannot apply. Every dollar that went to pay for the engine was her money. She owned the land and consequently owned the crops, whether made by his labor or not, or by his or her teams, implements, etc. *Hamilton* v. *Booth*, 55 Miss. 60 ; *Porter & McRae* v. *Staten*, 64 Ib. 421. There

was no need for any conveyance from the husband, as the engine was purchased for her, paid for with her means, and at once affixed to her freehold. Even if there had been a written sale to the husband, the wife could have enforced her resulting trust in the property. *Brooks* v. *Shelton*, 54 Miss. 353; Code 1880, § 1178. Of course, as against the seller, her title was subject to his lien on the engine, and she could not assert a title to defeat this lien; but under the circumstances she would have been liable to the seller for the price of the engine, even though her husband gave his note. *Clopton* v. *Matheney*, 48 Miss. 285.

COOPER, J., delivered the opinion of the court.

The circumstance that, in buying the machinery from Lusk, Elkins did not disclose the fact that he was acting for his wife, does not preclude her in a controversy with others than the seller from showing the truth. On the facts shown, we think that, as between the husband and the wife, this property would be held to be hers; and, in the absence of any circumstances changing the rule, it is also applicable as against the creditors of the husband.

But the facts relative to the purchase of and payment for the feeder and scales make them, when bought, the property of the husband. He bought them on his own credit, and paid for them with his own means. Since they once belonged to the husband, they are, in favor of his creditors, who are in controversy with his wife, to be deemed his, in the absence of any written recorded transfer to the wife. It is not permissible to defeat the operation of § 1178 of the code by affixing the personal property of the husband to the land of the wife. No act, however formal, can be substituted for the written recorded transfer required by section 1178 for the conveyance of property between husband and wife. *Montgomery* v. *Scott*, 61 Miss. 409.

*The decree of the court below is in all things affirmed.*