LAURA McG. DAVIS *v.* C. H. NETTERVILLE.

1. EXECUTION. *Claim of property.* *Code* 1880, §§ 1774, 1775. *Subsequent levy. Abandonment.*

    Although sections 1774 and 1775, code 1880, direct that an officer levying execution on property claimed by a third person shall return the same, with the claimant's affidavit and bond, and that further proceedings thereon shall be stayed for an amount equal to the value of such property until the claim is decided, a subsequent levy of the execution on property to the full amount thereof, though irregular on the part of the officer, will not operate as an abandonment of the original levy.

2. DEED. *Presumption as to date of filing.* *Supreme court.*

    If in a bill of exceptions a certified transcript of the record of a deed shows the date of recording, but fails to show when it was filed for record, this court will not, in the absence of evidence on that point, assume that it was filed at an earlier day, though the date of its execution is earlier.

FROM the circuit court of Wilkinson county.

HON. RALPH NORTH, Judge.

Appellant is the claimant of the personal property in controversy which has been seized under an execution against her husband, Hugh L. Davis. She derives her title to the property from him by a deed, which was duly acknowledged and recorded. The certified transcript of the record of this deed, as it appears in the bill of exceptions, shows that it was executed March 8, 1888, and that it was recorded July 17, 1888, but nothing is shown as to when the deed was filed for record. The execution was levied upon the property July 14, 1888.

The remaining facts necessary to an understanding of the case are set out in the opinion. The verdict and judgment were in favor of the plaintiff, and the claimant appealed.

*W. P. & J. B. Harris* and *Hugh L. Davis,* for appellant.

By sections 1774 and 1775 the sheriff is commanded to return the execution with the claimant's affidavit and bond, and the execution shall be stayed to the amount of the levy, and the clerk is required to indorse the amount of the levy on the execution for the guidance of officers in subsequent executions. The sheriff ignored

these provisions and proceeded to make a subsequent levy of the same execution on property worth the full amount thereof. This must be taken as the abandonment of the former levy. He had the right to release property claimed by a third person, and since he could not levy again without violating the statute, it will be presumed that he abandoned the original levy.

Argued orally by *J. B. Harris,* for appellant.

WOODS, C. J., delivered the opinion of the court.

Netterville, who was the plaintiff in execution in the trial below, caused to be levied an execution upon certain live stock as the property of Hugh L. Davis. The appellant made claimant's affidavit and bond, and took charge of the property. Subsequently, and before the return of the writ into court, additional levies were made on other property to the full amount named in the execution. On the trial of the claimant's issue, this writ, with the sheriff's returns, was offered in evidence by plantiff in execution, and was admitted over the objection of appellant, and this action of the court is assigned for error.

The ground of appellant's contention is, that, inasmuch as § 1774, code of 1880, makes it the duty of the officer holding an execution, after affidavit and bond made by a claimant, to return such affidavit and bond with the execution, and as § 1775 declares further proceedings on such execution shall be stayed for an amount equal to the value of the property so claimed, as indorsed and returned by the officer, until the final decision of such claim ; therefore the subsequent levies, in this case, without any stay of execution to the amount of the value of the property taken by the claimant, should be held to be an abandonment of the first levy on the property embraced in the pending proceeding.

The vice of the officer's proceedings in making the levies consisted in making the second and third levies for an amount greater than the statute authorized. The irregularity was in the subsequent levies; not in the first. The complaint lies properly to the action of the officer in making the later levies and not to the first.

Whether these later levies were invalid, or whether they were mere irregularities which may be corrected on application to the court out of which the process issued, it is unnecessary for us to determine.

The right to make additional levies is not disputed by counsel, and, as the levy evidenced by the return which was admitted is unassailable, standing alone, we must hold that the subsequent irregularity in making the additional levies cannot be considered an abandonment of the original levy. Whatever the effect of the levy for an amount greater than that contemplated by the statutes cited on these additional levies, we must hold the original levy is in no way affected thereby, and hence, that the action of the court was not erroneous.

The several other questions presented need not be considered by us, in view of the undisputed fact that the deed to the live stock, though executed before the officer's levy, was recorded afterwards. It nowhere appears that this deed was filed for record before the day on which it was actually recorded. Under § 1178, code 1880, making a conveyance from a husband to his wife valid when such conveyance is in writing and acknowleged and filed for record, it is declared that third persons are to be affected only by the filing of the conveyance for record. Before the conveyance from Hugh L. Davis to his wife had been recorded, and, so far as the record before us discloses, before the conveyance had been filed for record [for in the absence of any proof offered by claimant on this point, we cannot assume that it had been filed at an earlier day] the execution had been levied and the rights of third persons had intervened.

At the date of the levy upon the property involved in this suit, it is manifest that the claimant had no conveyance which she could assert or maintain against the appellee. This being determined, the other questions argued by counsel become immaterial. *Montgomery* v. *Scott,* 61 Miss. p. 409.

*Affirmed.*