S. H. COOPER, ADMINISTRATRIX, *v.* J. J. BAKER ET AL.

1. LANDLORD AND TENANT.  *Priority of rent over tenant's other debts.*
   The claim of a landlord to hold cotton raised in 1870 on the demised
   premises for the rent of that year is paramount to that of a creditor,
   with notice, to whom the tenant has given a bill of sale.

2. SAME.  *Purchaser of goods on demised premises.*
   The landlord's claim would be also paramount to that of a purchaser
   for value with notice.

ERROR to the Circuit Court of Holmes County.

Hon. W. COTHRAN, Judge.

B. H. Montgomery, tenant of J. W. Cooper, raised on the
demised premises in 1870 nine bales of cotton, which he left
there, in Cooper's possession; but, being indebted to J. J.
Baker & Bro., on account, he gave them a bill of sale or order
for the cotton, with the understanding that they were to pay
the rent.    J. J. Baker & Bro. credited Montgomery with five
bales on his account, and wrote to Cooper as follows: —

"TCHULA, Feb. 21, 1871.
" Mr. J. W. COOPER:

" DEAR SIR, — Mr. Montgomery turned us over 9 B/C at your
gin, with the understanding that we were to pay you his indebtedness
with you, amounting to $211.70, which amount we will pay you on
sight.    Since arriving at Tchula, however, we understand that Mr.
Montgomery has turned 4 B/C to you.    If so, we want the balance,
5 B/C, shipped for our account, which you will please deliver to
steamer Belle Yazoo.        Yours truly,

" J. J. BAKER & BRO.,
" Per J. J. BAKER."

The cotton not being shipped, Baker & Bro. brought this
action of replevin.    The five bales were delivered up to them,
and the four bales retained by Cooper, who gave the statutory
bond.    On the death of the defendant the suit was revived
against S. H. Cooper, his administratrix, who brings up the
case from a verdict and judgment against her for the four
bales.

*Nugent & McWillie,* for the plaintiff in error.

The cotton was left by Montgomery in the possession of Cooper, who was a bailee having a right to distrain it for rent, and replevin would not lie against him in favor of the plaintiffs. 27 Miss. 198 ; 1 Mass. 319 ; §§ 1624, 1631, Code 1871, which are the same as art. 5, p. 340, and art. 12, p. 342, Code 1857. Baker & Bro. were not mortgagees or purchasers in good faith, but had notice of the rent claim. *Stamps* v. *Gilman,* 43 Miss. 456.

*W. L. Nugent,* on the same side, made an oral argument.

*Frank Johnston,* for the defendants in error, argued the case orally, and filed a brief making the following points : —

The landlord had no lien. *Marye* v. *Dychè,* 42 Miss. 347. Montgomery having sold the cotton to the plaintiffs, they were entitled to the possession. The written bill of sale rendered manual delivery unnecessary. The letter was merely a proposal to compromise the dispute. Substantial justice has been done, and the judgment should stand.

Campbell, J., delivered the opinion of the court.

The claim of Cooper to hold the four bales of cotton until his demand for rent was paid was paramount to that of J. J. Baker & Bro., who were not purchasers for value of the four bales, having paid Montgomery for only five, by a credit on his account, and agreed to pay Cooper $211.70 out of the other four bales ; and, if they had paid full value for the four bales, they would not have been entitled to them as against Cooper, because they would not have been such purchasers as the law protects, as they *had notice of Cooper's claim for rent. Stamps* v. *Gilman,* 43 Miss. 456. If Baker & Bro. had obtained possession of the four bales of cotton by delivery by Montgomery, Cooper would have had the undeniable right to seize them by attachment for rent, and to subject them to his demand. Code 1857, p. 340, art. 5.

The letter of J. J. Baker & Bro. to Cooper shows that they had no right to the cotton without first paying him $211.70, and the court should have so told the jury, if requested, in writing.

*Judgment reversed and cause remanded.*