# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## APRIL TERM, 1882.

### H. W. DAVIS v. JACOB HOLBERG.

1. APPEAL. *Amount in controversy. Interest.*

   Under Code 1871, § 1334, no appeal lies to the Supreme Court in a case originating in a Justice's Court unless the amount in controversy, exclusive of interest, exceeds fifty dollars. *Jackson* v. *Whitfield*, 51 Miss. 202, affirmed.

2. SAME. *Stare decisis.*

   As this statute, which is of rare applicability, was re-enacted by the legislature without change of phraseology (Code 1880, § 2354) after its construction was settled, the court declines to disturb the ruling, although originally they might have held otherwise.

MOTION to dismiss appeal from judgment of the Circuit Court of Noxubee County for fifty-two dollars, on appeal from a Justice's Court, where the appellee sued, on July 27, 1880, for fifty dollars, due March 10, 1880, and interest, and obtained judgment accordingly

*Jarnagin, Bogle & Jarnagin*, for the motion.

The question involved in the motion was decided in the case of *Jackson* v. *Whitfield*, 51 Miss. 202. This decision has become a rule of practice, and rights have vested under it. Since that construction, the statute as construed has been re-enacted. It must be held that the legislature adopted the law with the meaning which the courts had attached to it, and this interpretation cannot now be changed.

*L. Brame, contra,* argued orally and in writing.

A defendant cannot appeal from an adverse judgment for less than fifty dollars. *New Orleans Railroad Co.* v. *Evans,* 49 Miss. 785 ; *Ward* v. *Scott,* 57 Miss. 826. Nor can he wait until accrued interest raises the judgment to a greater sum and then appeal. *Walker* v. *United States,* 4 Wall. 163. But if the plaintiff demands or is entitled to more than fifty dollars, including interest, he can appeal from an adverse decision. The amount in controversy is the sum for which the plaintiff would be entitled to judgment if successful. There is no authority to disallow interest. *Thompson* v. *Matthews,* 56 Miss. 368; *Mitchell* v. *Pike,* 17 Hun, 142. In the case of *Jackson* v. *Whitfield,* 51 Miss. 202, if interest was involved, which is not clear, the court erred in following *Houston* v. *Crutcher,* 31 Miss. 51, which did not apply. The word " principal " of the amount in controversy is used in the Constitution and in Code 1880, §§ 1493, 2190, in defining the jurisdiction of courts. Its omission from Code 1880, § 2354, shows the legislative intent to include interest in the amount governing appeals.

*Thomas J. O'Neill,* on the same side.

Under the Constitution and statute the Supreme Court has jurisdiction in this case, unless there is a statutory prohibition. Code 1880, § 1405. The amount in controversy is the sum due when suit was brought, including interest. Tender of the principal upon that day would have been insufficient. It is unnecessary to show a specific grant of power in each class of cases, but if the cases are within the reason of the rule conferring appellate jurisdiction this is sufficient. 1 Wait's Actions and Defences, 46. The decision in *Jackson* v. *Whitfield,* 51 Miss. 202, proceeds upon an erroneous view of the law and should be reviewed. If considered in connection with Const. art. 6, § 23, and Code 1880, §§ 1405, 2354, that opinion cannot be maintained as law in disposing of this motion.

CHALMERS, C. J., delivered the opinion of the court.

In the case of *Jackson* v. *Whitfield,* 51 Miss. 202, it was held, under § 1334 of the Code of 1871, that no appeal lay to this court in a case originating in the Justice's Court, unless the sum in controversy amounted to more than fifty dollars, exclu-

sive of interest. We are by no means satisfied of the correctness of this ruling, and think that as an original question we would have held otherwise. It settled the construction, however, of a statute, which it was perhaps more important should be definitely than correctly settled, since the cases in which the question will arise are not numerous, and there can ordinarily be but a few dollars' difference either way. Since this construction was placed upon the statute it has been re-enacted by the legislature without change of phraseology. Code 1880, § 2354. We are unwilling to disturb it.

*Motion sustained.*