## H. HILLER & CO. *v.* SARAH A. JONES.

1. DEED. *Registration. Consideration. Recital of payment. Prima facie true. Innocent purchaser.*

> In a conveyance of land duly recorded the recital of payment of the consideration is to be taken as *prima facie* true, and the deed itself is competent evidence of such payment. A purchaser from the vendee may rely upon the truth of the recital, and it devolves upon one who questions his title to show that he had notice of facts inconsistent with the statements in the recorded deed.

2. NOTICE. *Possession under secret unrecorded deed. Subsequent purchaser not affected, when.*

> Possession of land under an unrecorded deed is equivalent to registration while the possession under it lasts. But a purchaser of the land, where the record shows a good title, is not bound to look beyond the record to a former occupancy of it under a deed of which he is not shown to have had notice.

FROM the circuit court of Franklin county.

HON. RALPH NORTH, Judge.

This was an ejectment suit by appellee against appellants. The evidence in reference to the titles is sufficiently stated in the opinion. The court in effect instructed the jury on behalf of the plaintiff that she could recover the premises, by virtue of her prior unrecorded deed, as against the defendants who claim under subsequent recorded deeds from the same vendor, because the defendants failed to show that they had no notice of plaintiff's deed.

The defendants introduced no evidence of their want of notice of the plaintiff's unrecorded deed, but relied on the deeds constituting their chain of title, which recited the payment of the considerations expressed in them, as evidence that the vendees therein as well as themselves were purchasers for value, and contended that the burden rested upon the plaintiff to prove notice to the defendants of the unrecorded deed.

The instructions refused to defendants the benefit of such recitals in the deeds as evidence of the payment of the consideration expressed.

The plaintiff had judgment for the recovery of the land and rents, and the defendants appealed.

*Nugent & McWillie,* for appellants.

The burden of showing want of notice was not on the defendants. This follows from the purpose and language of our registration laws. A purchaser must spread his muniments of title on the record. " If he fails to do this, he takes the risk of a subsequent sale for value of the property, by his vendor, or the subjection of it to his debts; nor can he prevail against such a purchaser or creditor unless he can charge the purchaser or creditor with notice of his prior right." *Humphreys* v. *Merrill,* 52 Miss. 93.

The underlying reason of the doctrine which allows the holder of an unregistered conveyance to prove actual notice in a subsequent purchaser holding under a registered conveyance, is said to be that it is a fraud for a purchaser who knows of a prior sale to attempt to defeat such purchaser's rights by getting in the estate. *Loughridge* v. *Bowland,* 52 Miss. 553 ; *Dixon & Sharkey* v. *Doe,* 23 Miss. 84 ; *Rogers* v. *Wiley,* 56 Am. Dec. 491 ; *McConnell* v. *Reed,* 38 Ib. 128.

However the law may be in other states of case, it is quite satisfactorily settled with reference to registration laws that the recital of payment is evidence of such fact as between the defendant and a prior grantee. *Wood* v. *Chapin,* 13 N. Y. 509. A deed always imports a consideration. The one stated, while not operating as an estoppel, will be taken *prima facie* to be the true one.

*W. P. Cassedy,* on the same side.

*H. Cassedy,* for appellee.

1. Whether the grantees in the deeds paid anything for the land or had notice of the prior deed to appellee's ancestor, is not shown by any evidence, unless the recitals in the deeds show them to be purchasers for value; but, if so, the other essential, *good faith*, is wholly absent.

The burden was on the defendants to show that they were purchasers for value without notice, before the ordinary effect of the prior deed could be avoided.  *Kyle* v. *Calmes,* 1 How. 121; *Merrill* v. *Melchior,* 30 Miss. 516; *Kerr* v. *Freeman,* 33 Ib. 292; 1 Greenleaf Ev., §§ 78, 81; *Porter* v. *Still,* 63 Miss. 357.

The recitals in the deeds of the payments of the consideration are *prima facie* evidence of payment against the parties to the deeds, but are evidence of nothing save the execution of the deeds as against appellee, who is a stranger to all of these consequences. The recital of payment is but an admission of the fact by the respective grantors, and is hearsay as to the appellee and inadmissible for the purpose of showing the payment of a valuable consideration.

There is a conflict in the American authorities as to the effect of the recital of payment, but the weight of authority as to the recital of payment, as to strangers to the deed, is that it is not evidence of payment.  2 Devlin on Deeds, §§ 820, 821; Ib., p. 89, note 1; *Kimball* v. *Fenner,* 12 N. H. 248; *De Vendal* v. *Malone's Ex'rs,* 25 Ala. 272.

2. Arnold entered under the tenant of appellee, the holder of the fee, and this charged him with notice of her title; and both Anderson and Hiller were in privity with him and are chargeable with knowledge of the same facts that possession of the land by the tenant charged him with, and this dissipates the idea of Hiller being a purchaser for value without notice.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff sought to recover the land, by virtue of an unrecorded deed from Henry Melton to her ancestor, made in 1860, and followed by possession by him, under the deed.  The defend-

ants claimed the land under a chain of title from Henry Melton, consisting of a deed from him to Arnold, in 1869, and from Arnold to Anderson, in 1871, and from Anderson to defendants. These deeds were severally recorded, as required by law, and each contains a statement of a pecuniary consideration, on which it is made. There was evidence that the ancestor of the plaintiff died in 1862, and that his widow and the plaintiff, then an infant of tender years, resided on the land, and that it was next occupied by Arnold, who, in 1869, received a conveyance of it from Henry Melton.

There is no evidence that Arnold or Anderson or the defendants had any notice of the unrecorded deed under which the plaintiff claims, nor is there any evidence, other than the deeds, of the payment of any valuable consideration by any of the grantees.

Thus the question is presented : Did it devolve on the defendants to show by evidence, other than the deeds under which they held, payment of a valuable consideration by them or some one in the chain in order to clothe themselves with the character of purchasers for value, or could they rely on their chain of title, apparently perfect, until doubt about it was created by some evidence? In other words, may purchasers rely on the muniments of title, spread upon the records designated by law as the repository of the history of titles to land as being truthful memorials of the consideration expressed in them, until something is shown inconsistent with what they state?

It must be admitted that the multitude of opinions answer in the negative, and some respectable courts and authors so declare ; but in this, as in many other matters, truth is found with the few, and we do not hesitate to stand with them against the many. The fundamental error of the view denying effect as *prima facie* evidence to the statement of the consideration in a deed consists in detaching this statement from the instrument, and treating it as a mere receipt, and subject to the rule *res inter alios acta,* when, in truth, it is part of the conveyance, not an essential part, it may be, but an almost invariable accompaniment of conveyances of land generally true, and to be taken as true, in the first instance because it is part of the memorial of the transfer of title to land

required by law to be evidenced by writing and spread upon record, for the information of all who have to trace the title. It is part of the *res gestœ*, and where the thing done is admissible, the accompaniments are admissible.

May not all assume that the deed found upon record, not only conveyed the land, but speaks the truth as to the consideration on which it was made? This statement is no more *res inter alios* than the deed itself. Why receive the deed as evidence of a conveyance, and dissect it, and reject its statement of the consideration on which it was made? The argument for the erroneous view was exhausted in *Kimball* v. *Fenner*, 12 New Hamp. 248, in which the decision was distinctly based on the fact that the contest was between the grantee and existing creditors when the deed was made, and the court denied that the deed from Fenner was even *prima facie* evidence of the consideration it recited, but held that notes proved to have been executed by him, and on which judgment had been rendered, were evidence in favor of his creditors against his grantee of his debt to them, that is: Fenner's notes proved his debt to the plaintiff, but Fenner's deed was not evidence, even of the lowest character in favor of his grantee as to its consideration. What inconsistency !!

Were Fenner's notes and the judgment on them any less *res inter alios* than Fenner's deed to the party against whom they were held evidence of his indebtedness? Fenner's notes or the judgment on them were evidence of the fact that he owed what they showed, and Fenner's deed conveying the land and stating the consideration on which it was based was equally available as evidence to his grantee.

Any other view treats the deed as *prima facie* fraudulent, whereas, "on general principles a deed is *prima facie* valid, and its recitals true, and it requires no evidence to support it until it is attacked for fraud," not, by merely alleging that it is fraudulent or without consideration, but by showing it.

This is certainly the settled rule in the controversies about conveyances alleged to be fraudulent. Bump on Fraudulent Con. 575, and cases cited in note.

The question here involved was decided in *Huntley* v. *Buckner*, 6 S. & M. 70, and *Brown* v. *Baxter*, 10 S. & M. 268. The latter case involved the very principle now being considered, viz. : the value of the recital of the consideration of the deed as evidence, in a controversy between the creditor of the grantor existing when the deed was made, and others claiming under him, and the reasoning of the New Hampshire court in the case cited above was vigorously combatted by Sharkey, C. J., who, speaking of some Alabama cases, said : " A debtor has a right to sell, and convey his property—he may prefer creditors. This is the general rule. The exception to it is, that he cannot convey to defraud creditors. He who wishes to bring a deed within the exception must make his proof. The presumption of law is always against bad faith. These Alabama cases reverse the rule, and establish this new doctrine, that it is fraud in law for a man to convey property, who owes a debt. The rule which would require the purchaser to prove the fairness of the transaction amounts to this."

It is certainly true that the rule that requires the holder of a legal title shown by successive conveyances to support his title by proof in the first instance of actual payment of the consideration stated in the deeds to have been paid, would, in many instances, impose burdens hard to be borne, and be productive of much mischief, and of no good, as far as we can see.

We adhere to the rule which has hitherto prevailed in this state, as we understand it, and which is supported by the courts of New York, Tennessee, and Wisconsin. *Jackson* v. *McChesney*, 7 Cow. 360 ; *Wood* v. *Chapin*, 13 N. Y. 509 ; *Lacustrine Fer. Co.* v. *L. G. & Fer. Co.*, 82 N. Y. 476 ; *Gough* v. *Henderson*, 2 Head. 628 ; *Cocke* v. *Trotter*, 10 Yerg. 213 ; *Haywood* v. *Moore*, 2 Humph. 584 ; *Bayliss* v. *Williams*, 6 Cold. 440 ; *Hoyt* v. *Jones*, 31 Wis. 389.

We would not have made this extended examination of the question but for its practical importance, and that counsel discussed it as an open question in this state.

Were there no decisions of the question here or elsewhere, we would not hesitate to declare that in view of our system of record-

ing titles to land, a conveyance acknowledging payment of the pur-chase-money is *prima facie* evidence that the grantee was a pur-chaser in good faith, for a valuable consideration.

While possession of the land under the unrecorded deed was the equivalent of registration of the deed, while the possession under it lasted, when the record of deeds showed a perfect chain of title, one purchasing under that, was not bound to look beyond the record and to a former occupancy of the land under a deed of which such party is not shown to have had notice.

It follows that the court below should have ruled for the defend-ants instead of for the plaintiffs, as it did, and *the judgment is re-versed and cause remanded for a new trial in accordance with this opinion.*