RICHARDSON & MAY v. S. L. McLAURIN.

1. LANDLORD AND TENANT.   *Sale by tenant.   Right of landlord.*

   A landlord has no lien upon his tenant's goods, other than agricultural
   products, and, before distress for rent, a *bona fide* purchaser of such goods,
   whether on or off the leased premises, will be protected.

2. SAME.   *Good faith of purchase.   Knowledge of rent due.*

   And mere knowledge by the purchaser that rent is due, or that the land-
   lord looks to the goods for his protection, does not prevent the purchase
   being in good faith.   *Cooper* v. *Baker*, 54 Miss., 637, qualified.

FROM the circuit court of Rankin county.
HON. A. G. MAYERS, Judge.

Cocke & Ward were merchants occupying a store-house
belonging to Richardson & May; and, while in arrears for the
rent, made an assignment of their stock of goods for the
benefit of creditors.   Appellee, McLaurin, purchased the stock
from the assignee, paying therefor, as is admitted, a reason-
able price, and taking possession.   Richardson & May, the
landlords, thereupon obtained an attachment for rent, and
levied on the stock which had not been removed from the
leased premises.   McLaurin, at the time of his purchase, knew
that the rent was due and that the landlords were contend-
ing that the goods were liable therefor.

McLaurin interposed a claim to the goods, and the issue
thus arising was submitted upon an agreed statement of the
facts to the court without a jury.   Judgment for claimant,
and plaintiffs appeal.

*Wm. Buchanan*, for appellants.

The landlord has a right to cause the goods to be seized,
against the world, except a purchaser in good faith for valu-
able consideration.   *Paine* v. *Aberdeen Hotel Co.*, 60 Miss.,
360; *Canterberry* v. *Jordan*, 27 Miss., 96.   The assignee is
not a purchaser for value.   The appellee stands in no better

attitude.    He knew of the rent being due, and that appellant claimed the goods were liable.    *Cooper* v. *Baker*, 54 Miss., 637 ; *Green* v. *Supervisors*, 58 *Ib.*, 337.

The right to distrain of itself gives a preference.    Burrill, Assignments, 607.    A purchaser with notice is liable to the same equity, and is bound to do what the person he represents would be required to do but for the conveyance.    20 Neb., 392.    We do not claim that the landlord has a *lien.*    In *Cooper* v. *Baker* there was no lien.

*A. J. McLaurin,* for appellee.

Neither at common law nor by our statute is there a lien for rent in favor of landlords except on agricultural products. *Marye* v. *Dyche*, 42 Miss., 347 ; *Stamps* v. *Gilman*, 43 *Ib.*, 456 ; *Patty* v. *Bogle*, 59 *Ib.*, 491.    By statute, landlords have certain rights not pertaining to other creditors; as, right to attach and right to be paid a year's rent as against executions. But nothing in the statute affects the tenant's right to convey in good faith his property.    Nor does the fact that the goods are on the leased premises give any greater right to the landlord, if they have been sold.

In this case appellant relies on *Cooper* v. *Baker*, 54 Miss., 637.    But the language of the court in that case must be construed with reference to the facts before the court.    In that case the court did not intend to overrule *Stamps* v. *Gilman*, but to approve it.

There is nothing in evidence to show that appellee's purchase was not in good faith, but the contrary is shown.    A fair price was paid and the money devoted to creditors.

Argued orally by *A. J. McLaurin,* for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

In *Marye* v. *Dyche*, 42 Miss., 347, it was held that the tenant might dispose of his goods on the leased premises so as to defeat a subsequent attachment of them by the landlord upon the premises, notwithstanding the existence of a claim

for rent, and a knowledge of it by the person dealing with the tenant; and in *Stamps* v. *Gilman*, 43 Miss., 456, this view was re-affirmed with greater elaboration than in the former case. The decisions were placed on the ground that the landlord had no lien or greater right than any other creditor, except the right to attach; and, until he did so, the tenant might sell and convey any of his goods on the leased premises as any owner might, unembarrassed by the landlord's claim for rent. In both cases the right of the tenant to dispose of the goods was declared to be conditional on good faith and valuable consideration in the transaction.

In *Cooper* v. *Baker*, 54 Miss., 637, the court, in response to argument at the bar, announced the proposition that *notice of the landlord's claim for rent due and unpaid* prevented a buyer of goods on the leased premises from being a *bona fide* purchaser. This is clearly inconsistent with the holding of the two former cases cited, an inconsistency probably not noticed at the time by the writer of the opinion or his associates on the bench, because it was the expression of what had been the accepted view before the decisions named, and their full effect was not then perceived.

After these several decisions the code of 1880 was adopted, and by it the legislature created in favor of the landlord a lien on all the agricultural products of the leased premises, and did not give him a lien on other goods of his tenant. In view of this apparent acquiescence in the denial of a lien in favor of the landlord, except as the positive creation of statute law, that must now be accepted as the law of this state; and it follows that a purchaser of goods other than agricultural products, etc., of a tenant, on or off the leased premises, who pays value, will be protected in his purchase just as if he had purchased them from another, or as if they were not on such premises; and knowledge by the purchaser of rent due, and that the landlord looks to the goods for payment, does not hinder a valid purchase of them. This is the necessary result of adherence to *Marye* v. *Dyche* and *Stamps*

v. *Gilman*, decisions which violated the popular, professional, legislative and judicial understanding of the law in this state prior to their announcement, but which should not now be disturbed, and must be followed to their logical consequences.

The distinction between the right of the landlord as to agricultural products of the leased premises and other goods and chattels was remarked upon in *Henry* v. *Davis*, 60 Miss., 212, and in *Patty* v. *Bogle*, 59 Miss., 491, and the announcement made that he had no lien except on agricultural products.

*Affirmed.*