JOHN B. GREEN ET AL. *v.* BENJAMIN A. WEEMS ET UX.

HUSBAND AND WIFE. *Conveyances. Code* 1892, ₰ 2294. *Creditors.*

> A conveyance executed for value and in good faith by a husband to his wife cannot be avoided by a creditor of the husband whose debt was unsecured at the time, under Code 1892, § 2294, providing that a conveyance between husband and wife shall not be valid as against a third person unless it be filed for record, where it was filed for record before the creditor obtained a lien.

FROM the chancery court of Lamar county.

HON. THADDEUS A. WOOD, Chancellor.

Green and others, the appellants, trading under the name of Green & Sons, were complainants in the court below; Weems and his wife, appellees, were defendants there. From a decree in defendants' favor the complainants appealed to the supreme court.

Benjamin A. Weems was a merchant, and in May, 1902, purchased merchandise from appellants, and afterwards gave them his note for a balance due on the goods. On December 15, 1901, Benjamin A. Weems made and delivered a deed to his wife, Lillian B. Weems, conveying to her the land involved in this suit. This deed was acknowledged April 29, 1902, but was not filed for record until July 28, 1902. Appellants brought suit in the circuit court on their note and obtained a judgment against Benjamin A. Weems in January, 1904. They then filed the bill in this case against Benjamin A. and Lillian B. Weems, seeking to set aside the deed made by Benjamin to Lillian as a fraud upon his creditors, and to subject the property to the payment of their judgment.

The statute is as follows: "2294. *What necessary to validity of conveyance.*—A transfer or conveyance of goods and chattels or lands between husband and wife shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of

trust is required to be, and possession of the property shall not be equivalent to filing the writing for record; but to affect third persons, the writing must be filed for record."

· *C. G. Mayson,* and *McWillie & Thompson,* for appellants.

The appellants were creditors of the defendant, Benjamin A. Weems, before the deed from himself to his wife was filed for record, and the deed is therefore void as to appellants, because of the provision of Code 1892, § 2294.

A lien or secured creditor does not need the protection of the statute; and if no other creditor is protected by it, then it is a dead letter so far as concerns creditors.

The provision of the statute is that a conveyance of lands between husband and wife shall not be valid as against a third person unless the conveyance be in writing and acknowledged and filed for record. Most unquestionably the conveyance here involved was not valid against Green & Sons until recorded, and the possession of the property, by the very terms of the statute, was immaterial. The question of Weems' financial condition is not at all material. A husband may be immensely wealthy, and yet the conveyance of a most trifling piece of property by him to his wife is void under the statute as against unsecured creditors. *Black* v. *Robinson,* 62 Miss., 68; *Gregory* v. *Dodds,* 60 Miss., 549.

Such cases as *Graham* v. *Morgan,* 83 Miss., 601, are quite beside the mark. No question of whether the conveyance was made in good or in bad faith is involved; no question of whether the husband was indebted to the wife and undertook to make the conveyance in payment of a *bona fide* debt is before us.

In *Gregory* v. *Dodds,* 60 Miss., 549, this statute, then Code 1880, § 1178, was first construed, and it was held that whether the conveyances were made *bona fide* or *mala fide* they were void as to all third persons, and that they were void as to creditors, whether subsequent creditors or antecedent ones, and

whether the third person's rights accrued before or after the pretended transfer.

The section of the code itself is peculiar, and is unquestionably broad. The words "creditor" and "purchaser" are not used; neither of them is used; but the parties as against whom the conveyances are void are "any third person." Every man is presumed to contract debts, to some extent at least, upon the faith of his ownership of property, and when the husband, Benjamin A. Weems, bought complainants' goods, presumptively the appellants extended credit on the faith of the ownership of the property involved in this suit.

At the time Green & Sons became creditors the pretended deed was void as to them, and that, too, even if it be true that it was signed by the husband and delivered to the wife on the 15th of December, 1901. Can it be that the conveyance was void as to appellants before, and that it became valid on the 28th of July, 1902, simply from the fact that it was lodged for record on that day? Nothing was done by the husband to give it validity in July, 1902. Can it be that a wife may receive a conveyance from her husband which is utterly void, that she can hold it until her husband contracts debts on the faith of his apparent ownership of the property, and, after the contraction of debts by her husband, she can put the void deed of record and thereby defeat her husband's creditors? Most manifestly this would be inequitable and unjust. It would be to reëstablish the old condition of affairs which the section of the code was intended to defeat. Secret and private conveyance between husband and wife, whose relations to each other are so close as to baffle all investigation, was what the legislature intended to condemn and prevent. To permit the wife to accept a void deed and to hold it as a void deed until the exigencies of her husband's affairs are such as to need her protection, and then to give the conveyance validity by simply lodging the void deed for record, is practically to obliterate the statute and to render

easily possible the very evil which the legislature intended to prevent.

Section 2294 of the code ought to be so construed as to render absolutely invalid any unrecorded deed between the husband and the wife as to all creditors who.became such before the deed is recorded, if in fact it does not require a recording of the deed contemporaneously with its execution to give it any validity whatever.

*Olin C. Hunt,* for appellees.

Conveyances between husband and wife when attacked for fraud are governed by the same rules as conveyances between third persons. *Virden* v. *Dwyer,* 78 Miss., 763; *Tuteur* v. *Chase,* 66 Miss., 476; *Graham* v. *Morgan,* 83 Miss., 601; *Donoghue* v. *Shull,* ante, 404 (s.c., 38 South. Rep., 817).

None but creditors who have obtained a specific right by lien or attachment or otherwise can complain. All the cases cited and relied upon by appellants clearly show this to be true. *Loughridge* v. *Bowland,* 52 Miss., 546; *Kline* v. *Richardson,* 64 Miss., 41; *Johnston* v. *Insurance, etc., Co.;* ante, 234 (s.c., 38 South. Rep., 100).

*J. R. Holcomb,* and *Harris, Powell & Harris,* on same side.

It will not be denied under the facts in this case that if B. A. Weems had made the deeds in question and filed them for record on July 28th, 1902, the courts would have upheld them as against his creditors, and so the whole question comes down to this: In the absence of actual fraud, does the fact that the deeds were made in December, 1901, and not recorded until July 28th, 1902, render them void as to creditors who had no lien and obtained none until January, 1904?

If the contention of appellants was correct in this case, the wife, receiving a deed from her husband in the utmost good faith, dare not neglect for an instant to put it upon record, for fear that her husband might contract a debt in the interval be-

tween the giving and recording of the deed. In fact, if their contention is correct, the husband could never convey to his wife at all, because in the nature of things some time must elapse between the giving and recording of the deed, especially where parties live at a distance from the county site; and according to their contention, the deed being void as to all parties in its inception, because not recorded, and its subsequent record not breathing into it the breath of life, the whole thing would be but a sounding brass and tinkling cymbal.

We submit that such a construction would be an absurdity. We submit that the true construction of the statute is, while the deed between husband and wife is not good as to third parties until recorded, that in the absence of fraud after record, such conveyance is good as to all parties not acquiring liens in the meantime. We submit that the following cases are decisive of this point: *Graham* v. *Morgan,* 83 Miss., 601; *Donoghue* v. *Shull,* ante, 404 (s.c., 37 South. Rep., 817); *Johnston* v. *Insurance Co.,* ante, 234 (38 South. Rep., 100); *Loughridge* v. *Bowland,* 52 Miss., 546; *Kline* v. *Richardson,* 64 Miss., 41; *Virden* v. *Dwyer,* 78 Miss., 763.

WHITFIELD, C. J., delivered the opinion of the court.

We think that Code 1892, § 2294, ought to receive, by analogy, similar construction to that heretofore placed on sec. 2457, as regards creditors. In other words, when the "third party" referred to in sec. 2294 is a creditor, that section means that he must be a lien creditor. There would be manifest inharmony of construction if we held, as counsel for appellant contends we should hold, that a mere unsecured creditor is meant by sec. 2294, where the conveyance or transfer is between husband and wife, whilst we hold that sec. 2457 applies only to lien creditors. It is notice by filing for record of deeds which is dealt with by both statutes, and no more in the one case than in the other did the legislature intend to give to a mere general creditor at large the right to avoid a previous conveyance exe-

cuted for full value and in perfect good faith, as the testimony in this record shows was the case here. It is true that until the deed or transfer from the husband to the wife, or *e converso,* has been filed for record, such conveyance or transfer is invalid as to any "third person," whether creditor, purchaser, or otherwise; but the moment it is filed for record it is to be dealt with in all respects precisely as a trust deed or mortgage filed for record under sec. 2457 is dealt with. The two cases referred to by counsel for appellant (*Gregory* v. *Dodds,* 60 Miss., 549, and *Black* v. *Robinson,* 62 Miss., 68) are not in point. In the latter the creditor was a lien creditor holding a trust deed, and in the other there never was any written transfer even of the furniture. These cases furnish no light in the solution of the question with which we have dealt.

Incidentally it may be noted that this is the first civil appeal from the new county of Lamar, and it may be noted as a pleasant feature that the appeal furnishes the occasion for the first construction of the statute in the particular respect involved.

*Affirmed.*