BURKS *et al* v. MOODY.*

[106 So. 528. No. 25272.]

(Division A. Jan. 4, 1926.)

1. FRAUDULENT CONVEYANCES. *Conveyance between husband and wife held valid or invalid for same reasons as between other persons.*

    A conveyance between husband and wife, which complies with section 2522, Code of 1906 (Hemingway's Code section 2056), is

valid or not for the same reasons that would render it valid or not were it between other persons.

2. EVIDENCE. *Fraudulent conveyances. Recital of valid considera-*
   *tion in deed held prima facie true; burden of showing falsity of*
   *recital of valid consideration is on party attacking deed for fraud*
   *on creditors.*

   The recital of a valid consideration therefor in a deed is *prima*
   *facie* true, and in a suit to cancel such a deed, as having been
   made to hinder, delay, and defraud creditors, the burden of
   showing the falsity of such recital is on the party attacking the
   deed.

3. APPEAL AND ERROR. *On reversal of decree canceling deed, judg-*
   *ment against sureties on bond, conditioned so as to supersede*
   *only that portion of decree, will not be entered.*

   Where a decree rendering a personal judgment, canceling a deed to
   land, and subjecting it to the payment of the judgment, is ap-
   pealed to the supreme court, the bond therefor being conditioned
   so as to supersede only that portion of the decree canceling
   the deed and subjecting the land to the payment of the judgment,
   the supreme court, on affirming the personal judgment but re-
   versing the decree canceling the deed, will not enter a judgment
   against the sureties on the appeal bond for the amount of
   the personal judgment appealed from.

---

*Headnotes 1. Fraudulent Conveyances, 27 C. J., Section 408; 2. Deeds,
18 C. J., Sections 222, 499; Fraudulent Conveyances, 27 C. J., Section
725; Burden of proof as to consideration for transfer between husband
and wife, see note in 56 L. R. A. 828; 12 R. C. L. 668; 3. Appeal and
Error, 4 C. J., Section 3406 (Anno).

APPEAL from chancery court of Pearl River county.
HON. T. P. DALE, Chancellor.

Suit by Ida Moody against J. A. Burks, Jr., and oth-
ers, for cancellation of deeds. From judgment below,
defendants appeal. Reversed in part, and bill dismissed
in part.

Following is the appeal bond:
"State of Mississippi, Pearl River county:
"Know all men by these presents, that we, Joe Burks,
Sr., and Jas. A. Burks, and Mrs. E. K. Burks, principals,
and J. A. Megehee and W. T. Stockstill, sureties, free-

holders in the state, are held and firmly bound unto Ida Moody, in the penal sum of two thousand dollars, for which payment, well and truly to be made, we jointly and severally bind ouselves, our heirs, executors, administrators, forever.

"The condition for the foregoing obligation is such that, whereas, in the chancery court of Pearl River county, a judgment was rendered against Joseph Burks, Sr., Joseph Burks, Jr., and Mrs. E. J. Burks, and in favor of Ida Moody, at the February, 1925 term of said court, and the said Joseph Burks, Sr., and Joseph A. Burks, Jr., and Mrs. E. J. Burks, feeling aggrieved by said judgment, have prayed and obtained an appeal to the supreme court, said appeal to operate as a *supersedeas,* and prevent the collection of the sum of money decreed by the said decree, to be due and owing the said Ida Moody by the sale of said property as directed in said decree. This bond is given under section 54 of Code of 1906, and section 30 of Hemingway's Code.

"Now, if the said Joseph Burks, Sr., and Joseph A. Burks, Jr., and Mrs. E. J. Burks shall prosecute said appeal with effect and shall satisfy such final judgment as may be entered by the supreme court, and all costs, if the same be affirmed, then this obligation to be void; otherwise to remain in full force and effect.

"Given under our hands this 19th day of May, 1925.

"JOE BURKS, SR.

"MRS. E. J. BURKS.

"JAS. A. BURKS.

"W. T. STOCKSTILL.

"J. A. MEGEHEE.

"The foregoing bond approved this 22d day of May, 1925. H. K. Rouse, Chancery Clerk."

*Hathorn & Williams* and *J. E. Stockstill,* for appellants.

There was no evidence offered to substantiate the charge in the bill of complaint that the deed from Burks senior, to his wife was voluntary and without considera-

tion. The burden of proof rested upon the complainant to show by the evidence, not only the conveyance from husband to wife at a time when the husband was indebted to complainant, but to prove also that the conveyance was voluntary and without consideration, or that the consideration mentioned in the deed was not paid, or that if paid, the said consideration was not adequate or fair. Since these averments were all denied by the answer and were not substantiated by proof, it necessarily follows that the chancellor was in error in holding that the deed was fraudulent and in ordering the same to be set aside and the land sold to satisfy complainant's judgment in the circuit court.

In view of *Virden* v. *Dyer,* 78 Miss. 763, 30 So. 45, it was certainly not sufficient merely to show this conveyance made, November 18, 1922; the filing of the declaration in the circuit court on October 6, 1921; the entry of a judgment in said suit in the circuit court on November 8, 1923; and execution issued on said judgment December 17, 1923; and a return of *nulla bona* thereon on March 29, 1924; and yet this is the only proof offered by complainant in support of the averment that the deed was made to defraud her.

The fraud charged in the bill of complaint in the case at bar is not a constructive fraud but is an alleged *fraud in fact.* A sale will not be set aside as fraudulent in fact merely because it is doubtful and suspicious; but the proof must be satisfactory and inferences will not suffice. *White* v. *Trotter,* 14 S. & M. 30, 53 Am. Dec. 112; *Tuteur* v. *Chase,* 6 So. (Miss.) 241; *McInnis* v. *Wiscasset Mills,* 78 Miss. 52, 28 So. 725.

The chancellor should have entered a decree denying the relief prayed for and dismissing the bill.

*Mayson & Kelly,* for appellee.

I. *The only decree rendered against Burks, junior and Burks, senior, was a personal decree on the judgment in suit.* The decree in the court below must, therefore,

be affirmed as to Burks, junior, and Burks, senior, and the sureties on their *supersedeas* bond. *Holmes* v. *Ferguson-McKinney Dry Goods Co.*, 86 Miss. 782, 39 So. 70; *Little* v. *Camack et al.*, 109 Miss. 753, 69 So. 544; Sec. 1022, Code of 1906 (sec. 742, Hemingway's Code, and citations.)

II. *The conveyance to Mrs. E. J. Burks was properly vacated.* This deed of conveyance was executed two years after the cause of action arose and one year after its institution, but a year prior to the rendition of the judgment. The execution of the deed, being between husband and wife, comes within the condemnation of section 2522, Code of 1906 section 2056, Hemingway's Code). This conveyance must have been made before the cause of action arose, and if in error as to this, it certainly must have been executed and filed for record before the action was instituted to give it validity against appellee's claim. *Carberry et al.* v. *Lann-Carter Hdw. Co.*, 126 Miss. 293, 88 So. 769; *McCrory* v. *Donald*, 119 Miss. 256, 80 So. 643; *Hugh McInnis* v. *Wiscassit Mills*, 78 Miss. 52, 28 So. 725; *Ladd* v. *Jordan*, 66 Am. St. Rep. at 289.

The concensus of judicial opinion is that one having a claim against another for a tort upon which a judgment is afterwards rendered is a creditor within the meaning of the statute from the time of the commission of the tort. *Cunn* v. *Hardy et al.*, 31 So. (Ala.), 443; *Burnwell Coal Co.* v. *Setzer*, 83 So. (Ala.) 139.

III. *The burden of proof was on appellant, Mrs. E. J. Burks, to show the bona fide of the transaction.* Appellee's bill charged that the deed was made to the appellant, Mrs. Burks, with intent to hinder, delay and defraud the appellee. Answer under oath was specially waived. Appellee proved the existence of her debt, the issuance of an execution and its return unsatisfied. That was sufficient to make out appellee's case. *Waddle* v. *Great Southern Phosphate Co.*, 63 So. 462.

The burden of proof is on the appellant to show that she was an innocent purchaser and for value. *Richards* v. *Vaccaro*, 67 Miss. 516, 7 So. 506. The burden of prov-

ing all affirmative allegations in an answer to a bill in chancery devolves upon the respondent and the answer, though duly sworn to, is not the proof required. *Austin Clothing Co.* v. *Posey,* 105 Miss. 720, 63 So. 224, 64 So. 5; *Virden v. Dyer,* 78 Miss. 763, 30 So. 45, is not in point.

*Hathorn & Williams,* in reply, for appellants.

The appeal bond was not given under section 50, Code of 1906 (section 26, Hemingway's Code); but was given under section 54, Code of 1906 (section 30, Hemingway's Code). The bond provides that *"said appeal to operate as a supersedeas, and prevent the collection of the sum of money decreed by said decree to be due and owing the said Ida Moody by the sale of said property as directed in said decree. This bond is given under section 54, Code of 1906 (section 30, Hemingway's Code)."* It is manifest from an examination of this bond, in connection with the section of the Code under which the bond itself states that it is made, that it was intended to supersede only that part of the decree which called for a sale of the land to satisfy the circuit court judgment.

Under section 1022, Code of 1906 (section 742, Hemingway's Code), the bond in this case must be construed and applied as it was intended, which was simply to prevent a sale of the property contained in the conveyance which was vacated, and was not a bond under section 50, Code of 1906 (section 26, Hemingway's Code), to prevent execution on the circuit court judgment and, as appellee contends, to prevent execution on that part of the decree which fixes the amount of the circuit court judgment. The part of the decree fixing the amount of the circuit court judgment was given, as we have heretofore stated, merely as a guide to the commissioner appointed by the decree for making the sale and not a personal decree, as contended by counsel for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee recovered a judgment at law against J. A. Burks, Sr., and J. A. Burks, Jr., for four hundred dollars and costs, and thereafter filed a bill of complaint in the court below, setting forth such judgment and alleging that, while the suit on which the judgment rendered was pending, J. A. Burks, with the intention to hinder, delay, and defraud the appellee in the collection of the judgment when rendered, conveyed certain land to J. A. Burks, Jr., and certain other land to his wife, E. J. Burks, and prayed that these deeds be canceled, and the property conveyed thereby be subjected to the payment of the judgment sued on. All three of the Burks were made parties defendant to the bill.

According to the evidence, the conveyance to J. A. Burks, Jr., was made simply to correct an error in a deed that had been made to him by J. A. Burks, Sr., more than ten years previously, and the land conveyed thereby was the homestead of J. A. Burks, Jr., and that he had resided thereon for more than ten years prior to the execution of the deed complained of. It further appears from the evidence that a portion of the land included in the deed from J. A. Burks, Sr., to his wife was his homestead. The court below declined to set aside the deed from J. A. Burks, Sr., to J. A. Burks, Jr., and also declined to set aside the deed from J. A. Burks, Sr., to his wife in so far as it conveyed his homestead, but did set it aside in so far as the other land was therein conveyed, and ordered such land sold and the proceeds thereof applied to the appellee's judgment. The court also awarded a personal decree against J. A. Burks, Sr., and J. A. Burks, Jr., for the amount of the judgment sued on, interest, and costs incurred in the suit in which the judgment was rendered. The only error assigned is the cancellation by the court below of the deed from J. A. Burks, Sr., to his wife, in so far as it conveyed land other than his homestead. The appellee's main contention is that the deed from J. A. Burks, Sr., to his wife was made after the claim on which the judgment at law was ren-

dered arose, and therefore the deed is void under section 2522, Code of 1906 (Hemingway's Code, section 2056), which provides that:

"A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record."

This statute has no relevancy here, for the conveyance in question was acknowledged and filed for record before the appellee's judgment was rendered and before she could acquire thereby any lien on the land. A conveyance between husband and wife, which complies with this statute, is valid or not for the same reasons that would render it valid or not were it between other persons. *Kaufman* v. *Whitney,* 50 Miss. 109.

The appellee's other contention in this connection is that the deed was made in order to hinder, delay, and defraud the appellee in the collection of her judgment, but, if it was in fact made for that purpose, the evidence fails to disclose it, and the deed should not have been canceled. The appellee rested her case in this connection on the deed itself, the recited consideration of which is one thousand dollars, and the evidence of J. A. Burks that, while the suit at law was pending, it (the suit) was discussed by his father, his mother, and himself. The recital in the deed of the payment of one thousand dollars is *prima facie* true (*Hiller* v. *Jones,* 66 Miss. 636, 6 So. 465; *Virden* v. *Dwyer,* 78 Miss. 763, 30 So. 45), and the discussion among themselves of the suit on which the judgment sued on was rendered by the defendants therein was perfectly natural and in this connection proves nothing.

Counsel for the appellee ask that a judgment be rendered here against the sureties on the appeal bond for the amount of the personal judgment rendered in the court below against J. A. Burks, Sr., and J. A. Burks, Jr., on the theory that the appeal bond superseded the entire decree. In this counsel are in error, for the bond, which the reporter will set out in full, limits the *supersedeas* therein to the collection of the money decreed to be due the appellee by the sale of the property here involved and specifically refers to the section of the Code which provides for a bond to supersede a decree for the sale of real property rendered in a case appealed to this court.

The decree of the court below will be reversed in so far as it subjects the property conveyed by J. A. Burks, Sr., to his wife, E. J. Burks, to the satisfaction of the appellee's judgment, and to the extent that the bill prays therefor, it will be dismissed.

*Reversed.*

## ON SUGGESTION OF ERROR.

(On Suggestion of Error, March 1, 1926.)

[107 So. 279.]

1. FRAUDULENT CONVEYANCES. *Deed from husband to wife in good faith for value is valid as against creditor of husband in suit pending at time of conveyance (Code 1906, section 2522; Hemingway's Code, section 2056).*

   Under Code 1906, section 2522 (Hemingway's Code, section 2056), a deed from husband to wife, executed and recorded in good faith for value, is valid as against creditor of husband, whose suit was pending at time of conveyance.

2. STATUTES. *Later re-enactment of statute after construction by supreme court adopts construction (Ann. Code 1892, sections 2294, 2457; Code 1906, section 2522; Hemingway's Code, section 2056); "third party."*

   Where supreme court construed "third party" referred to in Ann. Code 1892, section 2294, by analogy with construction in

section 2457, to mean lien creditor, later re-enactment in Code 1906, section 2522 (Hemingway's Code, section 2056), adopted construction theretofore placed on the section.

3. STATUTES. *Legislature, by re-enacting statute in same terms,* *adopts construction placed on statute by highest court of the* *state.*

Where a statute has been construed by highest court of the state, and afterwards re-enacted in substantially the same terms, the legislature by such re-enactment adopts along with the statute such construction.

*Corpus Juris-Cyc. References; Fraudulent Conveyances, 27 C. J., p. 558, n. 29; Statutes, 36 Cyc., p. 1153, n. 75.

This case was decided on a former day, and the decree of the court below was reversed in so far as it subjected the property conveyed by J. A. Burks, Sr., to his wife to the payment of the judgment recovered by the appellee against J. A. Burks, Sr., in a suit at law. That suit was pending when the conveyance from J. A. Burks, Sr., to his wife was executed and recorded, but no judgment therein had then been rendered.

Counsel for the appellee have filed a suggestion of error, in which they reargue their contention that, because this deed was executed and recorded after the claim on which the appellee's judgment was rendered arose, it is invalid as against the appellee under section 2522, Code of 1906 (section 2056, Hemingway's Code), and they again cite in support of that contention the case of *Carberry* v. *Lann Hardware Co.,* 88 So. 769, 126 Miss. 293. This case has no relevancy here, nor has the case of *McCrory* v. *Donald,* 80 So. 643, 119 Miss. 256, also relied on by counsel for the appellee, for the reason that in both of those cases the deeds held to be invalid against the claim of simple creditors were not supported by a valuable consideration, but were deeds of gift, while the deed here in question was made in good faith for value.

In the McCrory case, the court held that the conveyance there under consideration became effective under the statute as of—"the date of its recordation, the cred-

itors were not subsequent creditors, but were existing creditors, and the deed being a voluntary conveyance without consideration could be set aside by the creditors.''

The decision in the Carberry case was to the same effect; the language of the court being: ''Under the plain terms of this statute, this deed did not take effect as to his creditors until filed for record; and, when it was filed for record, the debt which is the foundation of appellee's judgment had been contracted and was owing by the husband. The deed was voluntary. Under the law, a debtor cannot give away his property, even to his wife, and thereby defeat his creditors.''

The exact question here presented was decided adversely to the appellee's contention in *Green* v. *Weems,* 38 So. 551, 85 Miss. 566. The facts in that case were that on December 15, 1901, Benjamin A. Weems executed and delivered to his wife, ''for full value and in perfect good faith,'' a deed to certain land. This deed was acknowledged on April 29, 1902, but was not filed for record until July 28, 1902. In May, 1902, Weems purchased merchandise from Green & Sons, and afterwards executed a note to him for the balance due therefor. Green & Sons sued Weems on this note, and obtained a judgment thereon in January, 1904. They then sued in equity for the cancellation of the deed from Weems to his wife and for the subjection of the property therein conveyed to the judgment they had obtained against Weems. The court below declined to cancel the deed, and this court, in affirming the decree, among other things said:

''We think that Code 1892, section 2294, ought to receive, by analogy, similar construction to that heretofore placed on section 2457, as regards creditors. In other words, when the 'third party' referred to in section 2294 is a creditor, that section means that he must be a lien creditor. There would be manifest inharmony of construction if we held, as counsel for appellant con-

tends we should hold, that a mere unsecured creditor is meant by section 2294, where the conveyance or transfer is between husband and wife, while we hold that section 2457 applies only to lien creditors. It is notice by filing for record of deeds which is dealt with by both statutes, and no more in the one case than in the other did the legislature intend to give to a mere general creditor at large the right to avoid a previous conveyance executed for full value and in perfect good faith, as the testimony in this record shows was the case here.''

The construction there put upon the statute was afterwards adopted by the legislature for the statute was re-enacted in 1906 (Code 1906, section 2522; Hemingway's Code, section 2056), without change, except the words ''or any lien of lands'' was added thereto, and ''the rule is that, where a statute has been construed by the highest court of a state, and afterwards re-enacted in substantially the same terms, the legislature by such re-enactment adopts, along with the statute, such construction.'' *White* v. *Illinois Cent. R. Co.,* 55 So. 593, 99 Miss. 651; *Henry* v. *Henderson,* 60 So. 33, 103 Miss. 48. See, also, *Davis* v. *Holberg,* 59 Miss. 362; *Shotwell* v. *Covington,* 12 So. 260, 69 Miss. 735; *Wetherbee* v. *Roots,* 16 So. 902, 72 Miss. 355; *Hoy* v. *Hoy,* 48 So. 903, 93 Miss. 732, 17 Ann. Cas. 1137, 25 L. R. A. (N. S.) 182, 136 Am St. Rep. 548.

*Overruled.*