## WIGGINTON *v.* MOORE.*

(Division A.    June 6, 1927.    Suggestion of Error Overruled June 29, 1927.)

[113 So. 326.    No. 26543.]

1. LANDLORD AND TENANT. *Person acting as agent in renting land may not sue out attachment for rent (Hemingway's Code, section 2337).*

   Person acting for and as agent of owner in renting land may not sue out writ of attachment for rent under Code 1906, section 2839 (Hemingway's Code, section 2337).

2. ATTACHMENT. *Person incurring attorney's fees in bringing suit for damages for attachment for rent is entitled to recover therefor (Hemingway's Code, sections 2337, 2358, 2364).*

   Where evidence showed that defendant in attachment for rent under Code 1906, section 2839 (Hemingway's Code, section 2337), incurred attorney's fee in bringing suit under Code 1906, section 2660 (section 2358), for damages for alleged wrongful suing out of attachment after making affidavit authorized by Code 1906, section 2866 (section 2364), he should have been allowed to recover therefor.

---

*Corpus Juris-Cyc References: Attachment, 6CJ, p. 543, n. 1; Landlord and Tenant, 36CJ, p. 462, n. 25; p. 468, n. 63; p. 478, n. 75 New.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by D. H. Moore against M. J. Wigginton. From the judgment, both parties appeal. Reversed in part, and remanded.

*Ely B. Mitchell,* for appellant.

*Conn & Conn,* for appellee.

SMITH, C. J., delivered the opinion of the Court.

Wigginton sued out an attachment for rent against Moore, who, he alleged, was his tenant, under section 2839, Code of 1906 (Hemingway's Code, section 2337). Moore made the affidavit authorized by section 2866, Code of 1906 (Hemingway's Code, section 2364), and the officer to whom the writ of attachment was directed acted thereon in accordance with the statute.

Moore then filed his declaration in the court below against Wigginton in accordance with section 2660, Code of 1906 (Hemingway's Code, section 2358); the damages for the alleged wrongful suing out the attachment being laid at fifty dollars.

At the close of the evidence, the court instructed the jury to find that the attachment was wrongfully sued out; but it refused to permit them to award Moore any damages for the wrongful suing out of the writ. There was a verdict and judgment accordingly. Wigginton brought the case to this court, and Moore filed a cross-assignment of error.

Wigginton was not the owner of the land rented by Moore, but claims to have rented it from the owner and to have then rented it to Moore. It is clear from the evidence that such was not the fact, but that, in renting the land to Moore, Wigginton acted for and as the agent of the owner, who had requested him so to do. The court

below therefore committed no error in holding that Wigginton wrongfully sued out the writ.

There was evidence that Moore had incurred an attorney's fee in bringing this suit, necessitated by the wrongful suing out of the writ, and he should have been allowed to recover therefor.

The judgment will be reversed in so far as it fails to award Moore damages for the wrongful suing of the writ, but in all other respects it will be affirmed, and the case will be remanded to the court for trial on the question of damages only.

*Reversed in part, and remanded.*