ROLLINGS *v.* ROSENBAUM *et al.*

(Division A.   May 29, 1933.)

[148 So. 384.   No. 30638.]

W. C. Sams and J. O. Sams, of Meridian, for appellant.

**Stone & Stone,** of Meridian, for appellees.

Argued orally by **W. C. Sams**, for appellant, and **J. H. Stone, Jr.**, for appellee.

**McGowen, J.,** delivered the opinion of the court.

W. L. Rosenbaum filed his attachment for rent, by affidavit in a justice of the peace court, in conformity with section 2192, Code 1930, against Sam Rollings. The affidavit alleged rent to be due by Sam Rollings to the Rosenbaum Realty Company, a partnership, and that said rent was due on a lease of a certain building in Meridian, Mississippi. The distress warrant was issued by a justice of the peace, placed in the hands of a constable, and said constable went to the place of business of Sam Rollings, but found no property or goods therein. Later, he discovered certain articles of personal property stored about eight blocks from this place of business, which articles of personal property were pointed out by Sam Rollings. Thereupon, the constable levied an attachment writ upon two trucks. Mrs. Christine Rollings filed an affidavit claiming to be the owner of said trucks, gave bond therefor, and the trucks were released to her. In due time, she appeared in the circuit court and filed her declaration according to the statute, and issue was made

up between Mrs. Christine Rollings and the Rosenbaum Realty Company as landlord defendant in the court below. In addition to these facts, it was shown, on behalf of Mrs. Christine Rollings, by the chancery clerk, that these trucks had been conveyed to her by deed reciting a consideration of seven hundred fifty dollars cash or its equivalent in hand paid by her to Sam Rollings, her husband, on January 15, 1932, duly acknowledged on May 14, and filed for record the same day. The writ was levied on the trucks by the officer on May 17, 1932.

It was shown that there had been other transactions between the husband and wife, dated, acknowledged, and filed, as was this deed. It was further shown that Mrs. Christine Rollings personally arranged with the owner of the storage room to store certain goods therein, and that Sam Rollings had nothing to do with the storage thereof. The business which Sam Rollings conducted was that of the sale of gasoline, oil, and tires, and he also had a repair shop in connection therewith.

Just a short time before the attachment writ was issued and sought to be levied, Sam Rollings' business was open, and it was shown that he delivered gasoline and oil with a truck, but it did not appear whether the particular trucks here in controversy were used in connection with that business or not.

On these facts, neither Mrs. Christine Rollings nor her husband were introduced as witnesses, and, on the conclusion of the plaintiff's testimony, the court below sustained a motion to exclude the testimony, and peremptorily instructed the jury to find for the defendant landlord, the Rosenbaum Realty Company.

Mrs. Christine Rollings prosecuted an appeal here.

It is assigned as error that the court below erred in giving the peremptory instruction.

It will be observed that these trucks were levied on two or three days after they had been removed from

the place of business of Sam Rollings. The evidence shows that Mrs. Christine Rollings, the claimant, was in possession of, and arranged for the storage of, these trucks. The deed shows a good and favorable consideration, and the language of the deed is that of a deed to land, and, of course, implies delivery or possession.

Under section 2200, Code 1930, the claimant, plaintiff in the court below, is required to show that she bought the goods in good faith, for a valuable consideration, before the levy was made, when the personal property in controversy is other than agricultural products.

The landlord had no lien upon these articles of personal property. Richardson v. McLaurin, 69 Miss. 70, 12 So. 264.

The deed offered in evidence, from the record, showed a strict compliance with section 1944, Code 1930, relative to the conveyance of goods and chattels between husband and wife. In the case of Burks v. Moody, 141 Miss. 370, 106 So. 528, 529, 107 So. 279, this court held, as to a conveyance between husband and wife under attack, that the recital of a valid consideration therefor is prima facie true, and that the burden of showing falsity of recital of valid consideration is on the party attacking the deed. In this respect, the court there said that: "The appellee rested her case in this connection on the deed itself, the recited consideration of which is one thousand dollars, and the evidence of J. A. Burks that, while the suit at law was pending, it (the suit) was discussed by his father, his mother, and himself. The recital in the deed of the payment of one thousand dollars is prima facie true (Hiller v. Jones, 66 Miss. 636, 6 So. 465; Virden v. Dwyer, 78 Miss. 763, 30 So. 45), and the discussion among themselves of the suit on which the judgment sued on was rendered by the defendants therein was perfectly natural and in this connection proves nothing."

We think the deed in the case at bar, with the recitals therein, made a prima facie case in the court below for the claimant, Mrs. Christine Rollings. It was then incumbent upon the defendant, the landlord, to go forward with the evidence to establish fraud or other defense in the case.

It was therefore error for the court below to exclude the evidence and to grant the peremptory instruction.

In the court below, Mrs. Christine Rollings offered evidence to show the amount of reasonable attorney's fees as damages to her in this case, which was excluded by the court.

We think this action of the court was error. Section 2216, Code 1930, provides that, if the trial of a suit result in favor of party replevying the property, the judgment shall be that he retain it; he may sue for damages for the wrongful suing out of the attachment writ. In the case of Wigginton v. Moore, 147 Miss. 169, 113 So. 326, there was involved a suit between landlord and tenant, and this court there held that the tenant was entitled to recover damages incurred in bringing suit.

Of course, reasonable damages in this behalf only could be recovered. Construing section 2216, which permits a tenant to recover attorney's fees as damages for the wrongful suing out of an attachment writ, along with sections 2220 and 2222, it seems clear that a stranger claimant is entitled to the same relief, under the same circumstances, as is allowed to a tenant.

We find no other error in this record.

Reversed and remanded.