GREGORY, STAGG & CO. *v.* GEORGE S. DODDS, GARNISHEE.

HUSBAND AND WIFE. *Transfer of property. Rights of third persons. Sect. 1178, Code 1880.*

Sect. 1178 of the Code of 1880 provides that, "no transfer or conveyance of goods and chattels or lands between husband and wife shall be valid as against any third person, unless such transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust of such property is required to be filed and recorded, and in such cases, possession of the property shall not be equivalent to filing the writing for record, but to affect third persons, such writing must be filed for record." Any transfer of property between husband and wife, since this statute became operative, unless made in the manner therein prescribed, is void as to any third person, creditor or purchaser, whether his rights accrued before or after the transfer.

APPEAL from the Circuit Court of Copiah County.

Hon. T. J. WHARTON, Judge.

On the 30th of December, 1881, Gregory, Stagg & Co. sued D. S. Hurlbut in attachment, and had G. S. Dodds summoned as a garnishee. The plaintiffs recovered a judgment against Hurlbut; but Dodds answered the garnishment, deny-

ing any indebtedness to the defendant, and stating that he was indebted to Hurlbut's wife in the sum of $500, for furniture bought from her in December, 1881. The plaintiffs in attach-ment controverted Dodds' answer, averring that the furniture sold to him was the property of the defendant, Hurlbut, and that his wife was named as payee in the note with the intent of defrauding his creditors. Upon the trial of this issue, the evidence was not entirely clear as to whether Hurlbut had given the furniture to his wife before or after the 1st of November, 1880, when the present Code took effect. The court instructed the jury, in behalf of the garnishee as follows : —

"1. If the jury believe from the evidence that the furniture sold to G. S. Dodds was bought by D. S. Hurlbut and presented to his wife before the first day of November, 1880, then the note given by said Dodds is not the property of Hurlbut, and the jury will find for the garnishee."

"2. Even if any of the property in controversy was given by Hurlbut to his wife after the 1st of November, 1880, if the jury believe from the evidence that Hurlbut owed plaintiffs nothing at the time, then, in that case, the jury will find for the garnishee."

"3. If the jury believe from the evidence that Hurlbut owed Gregory, Stagg & Co. nothing, he had a legal right to transfer any part of his property, by gift or otherwise, so far as Gregory, Stagg & Co. are concerned."

The verdict and judgment were in favor of the garnishee, and the plaintiffs appealed.

*Willing & Sexton*, for the appellants.

The principal question presented by the record, and the one which, if correctly decided, would be decisive of the case, is, whether a conveyance of personal property from husband to wife, subsequent to the adoption of the Code of 1880, unless in writing and filed for record, is valid. We insist that it is not. So far as our information extends, sect. 1178 is peculiar to this State, and this is, perhaps, the first case under the statute calling for its construction and enforcement.

The statute is a wholesome one, and should be strictly construed. Nothing in the history of the law, perhaps, has given rise to so much and such unsatisfactory litigation, especially in commercial affairs, as the assertion of secret claims to the property of insolvent debtors by parties whose relations to the debtor is so close as to baffle all investigation. The Legislature of this State, trying to avoid, to some extent, future trouble of this kind, wisely provided for future cases, so far as the claims of husband and wife and agents are concerned in sects. 1178 and 1300, Code 1880. The latter section has been construed by this court in *Gumbel* v. *Coon*, 59 Miss. 264, in which the court say: "It may be that the effect of the statute will be to produce some results not in the contemplation of the Legislature at the time it was enacted; but if we depart from the letter of the law as written, we shall be in danger of letting in more evils than we exclude by construction." Just so here; we insist that the statute should be construed as written, in order that the evils within the contemplation of the Legislature may be cut off. Applying our views of the law to the facts in this case, the transfer from Hurlbut to his wife can afford no protection against the claims of the appellants.

*James Sexton*, of counsel for the appellants, argued the case orally.

*Conn & Dodds*, for the appellee.

Sect. 1178, Code 1880, does not apply in this case for two reasons : —

1. The evidence discloses the fact that the transfer of the property in controversy was made on the 28th of October, 1880, a few days before the Code of 1880 went into effect.

2. At the time the transfer was made Gregory, Stagg & Co. were not creditors of Hurlbut, nor in any way interested in him or his property, their debt being contracted over a year afterwards, and when Hurlbut was solvent and had a large credit, independent of this the household goods.

The record does not support the theory of plaintiffs that the transfer was made to defraud creditors, as at the time of the transfer Hurlbut was solvent and of good credit.

*G. S. Dodds, pro se,* argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Sect. 1178 of the Code of 1880 makes void " as to any third person " all transfers of property between husband and wife, though accompanied by delivery of possession, unless evidenced by some written instrument duly filed for record.

The circuit judge instructed the jury in this case that a parol transfer from a husband to his wife would, nevertheless, be valid as to *subsequent* creditors, and that none save those who were creditors of the grantor at or before the date of the transfer were injured by it or could attack it. Such is certainly not the language of the statute, which does not use the word " creditor," but declares such transfers void as to " third persons ;" neither do we think that the construction put upon it by the judge below accords with the spirit of, or accomplishes the result designed to be reached in the enactment. The evil sought to be guarded against was the frequent perpetration of frauds by pretended transfers of property between husbands and wives, and the very great difficulty of detecting them. Such was the magnitude of the evil that the lawgiver sought at once to extirpate it by declaring void, as to third persons, every such conveyance, whether made *bona fide* or *mala fide*, unless the same is in writing and spread at large upon the public records of the country. The whole object of the enactment would be defeated if the party could escape its effects by parol proof of a verbal transfer antedating the creation of the debt to which it was attempted to subject the property transferred, since the same difficulty in establishing the true date of the transfer must exist as there always was and always will be in disproving the fact that any such transfer ever took place. The only way to obviate this difficulty and make the law

effective is to enforce it exactly as written, by holding that wherever the rights of any third person intervenes, whether he be creditor or purchaser, and whether his rights accrued before or after the alleged transfer; no proof of a transfer made in any other method than in that pointed out by the statute shall be received.   Transfers made otherwise are good between the parties and volunteers claiming under under them, but void as to all others.

For the errors in the instructions the judgment is reversed and a new trial awarded.