BLACK, TODD & CO. *v.* C. L. ROBINSON.

1. HUSBAND AND WIFE. *Gift between. Effect as to third person. Section 1178, Code 1880, applied.*

Under § 1178 of the Code of 1880, which provides that "No transfer of goods and chattels between husband and wife shall be valid as against any third person, unless in writing, acknowledged and filed for record," the gift of a bale of cotton by a husband to his wife is void, as against the beneficiary in a deed of trust previously given by the husband covering such cotton, even though there be a plenty of other property subject to the deed of trust to fully satisfy the debt secured by it.

2. DAMAGES. *Measure thereof. Conversion of property with belief of right.*

In an action for damages for the conversion of personal property which the defendant believed he was legally entitled to appropriate, if the plaintiff establish his right to recover he is not entitled to punitory damages, but only to the value of the property converted, with interest from the time of the taking and costs of the suit.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

On the 15th of April, 1882, David Warner executed a deed of trust upon his crop to be grown that year, his horses, mules, cattle, and other personal property, to secure the payment of his promissory note of that date, given to Black, Todd & Co., merchants, for the sum of four hundred and twenty-three dollars and fifty cents, then advanced or to be thereafter furnished in money and supplies by them to him during that year. The 1st day of October, 1882, was the date named for the maturity of the note. On the 27th of December, 1882, Warner delivered to Black, Todd & Co. enough cotton to pay all of his indebtedness to them except one hundred and sixty dollars. In the evening of that day Todd, of the firm of Black, Todd & Co., learned that an agent of C. L. Robinson, another merchant, had that day bought a bale of cotton from Lucy Warner, the wife of David Warner, to be moved for shipment the next morning, and early that night Todd went to Warner's house and got the bale of cotton and carried it away.

On the 1st of January, 1883, C. L. Robinson brought this action of trespass against Black, Todd & Co., to recover one thousand dol-

lars as damages for the conversion of the bale of cotton as above stated. The defendants plead "not guilty." At the trial the plaintiff introduced evidence tending to show that the bale of cotton in controversy was produced by Warner's wife, separately and apart from his crop, and originally belonged to her; while the evidence adduced by the defendants tended to show that the bale of cotton was grown by Warner and by him verbally given to his wife while subject to their deed of trust. It was admitted by the defendants that Warner had plenty of property covered by the trust deed to pay the debt *due* the defendants, exclusive of the bale of cotton in controversy.

The following, among other instructions, were given for the plaintiff and excepted to by the defendants :

" 1. If the jury believe from the evidence that Lucy Warner was the owner of the bale of cotton in controversy, and sold and delivered the same to the agent of the plaintiff, and that thereafter the defendants, or any of them acting for the firm, took possession thereof and removed the same and converted it to their use, they must find for the plaintiff.

" 2. If they believe from the evidence that the taking and conversion was done without any intent at fraud, malice, oppression, or willful wrong, the measure of damages is the value of the property taken and legal interest thereon from the date of the taking.

" 3. If they believe from the evidence, however, that the taking and conversion was done with any intent on the part of defendants of fraud, malice, oppression, or willful wrong, then the measure of damages is the value of the property taken and all actual damages proven to have been sustained by the plaintiff, and also such amount of punitive damages as the jury may see proper to assess.

" 6. If the jury believe from the 'evidence that David Warner conveyed and delivered the bale of cotton in controversy to his wife, Lucy, either in payment of a debt or as a gift, and that she conveyed the same to C. L. Robinson for a consideration, then she acquired a valid title thereto (whether the sale was in writing and recorded or not), subject only to the right of Black, Todd & Co. to subject it in a proper way to the lien of their deed of trust after

they had applied all property contained in the same, except such bale, to the satisfaction of the balance due them, and the same title to such bale passed to C. L. Robinson."

The court refused to give the first and sixth instructions asked by the defendants, and to such refusal they excepted. The instructions refused are in the language following :

1. " The court instructs the jury that if they believe from the evidence that the bale of cotton in question was raised by and was part of the crop of Dave Warner, and that he delivered the same to the defendants without having previously sold or given it to his wife by a written conveyance duly acknowledged and recorded, then the jury must find for the defendants."

7. " Unless the jury believe from the evidence that Lucy Warner either raised the bale of cotton on land rented by her, or that David Warner sold or gave her the cotton by a written conveyance duly acknowledged and recorded, then they must find for the defendants. That, otherwise, the title was not in Lucy Warner, and she could not sell it to plaintiff."

The jury rendered a verdict in favor of the plaintiffs for two hundred dollars, the value of the cotton in controversy, as proven, being only forty-three dollars. From the judgment upon this verdict the defendants appealed. This case has been in this court on a former appeal. See 61 Miss. 54.

*Harry Peyton,* for the appellants.

This court has said plainly that this is not a proper case for punitory damages. *Black et al.* v. *Robinson,* 61 Miss. 54.

Section 1178, Code 1880, makes void as to all third parties all transfers of property from husband to wife, unless made in the manner therein provided.

The seventh instruction asked for on the part of defendant was sound and should have been given, and the sixth, given for plaintiff, should have presented this doctrine to the jury. As given it was erroneous. *Dodds* v. *Gregory,* 60 Miss. 549 ; *Montgomery* v. *Scott,* 61 Miss. 419.

*Catchings & Dabney,* on the same side.

Strange as it may appear, after the reversal the court below

practically adhered to its position on account of which in the main part the cause was reversed.

There was no such state of facts as in the least degree justified a verdict for more than the value of the bale of cotton. Indeed, this court, in its opinion in the cause, said that it could not see how, in any conceivable state of the case, anything more than actual damages could be recovered, yet an instruction is given for plaintiffs—No. 3—seriously treating the case as one in which exemplary damages might be recovered.

If the case as presented before was one in which only actual damages were recoverable, it is such an one now.

And there can be no serious doubt on the subject. It was simply a conversion (from plaintiff's standpoint) of the property of another. *Plaintiff was not there. His agent was not there.* There could be no wrong, violence, oppression, or other ingredient which would entitle plaintiff to punitive damages.

The court erred in giving the third and sixth instructions for plaintiff. While the third may announce a correct proposition in the abstract, it has no application here, and was calculated under the circumstances to mislead the jury.

The giving of the sixth for plaintiff, and the refusal of the first and seventh for defendants, were in direct conflict with § 1178.

*E. E. Baldwin*, for the appellee.

The facts as shown by the testimony adduced in the second trial in the court below differ from those elicited on the first trial substantially only in two respects, viz.:

1st. On this trial, it is amply proved that the land on which the cotton was raised was rented by Lucy Warner, and consequently was not covered by appellants' deed of trust.

2d. The willful and malicious intent of the taking and conversion is fully proven.

There could be no stronger proof of willfulness, fraud, malice, and oppression.

There is contained in the testimony for the appellee, and the greater part of it too, an unwilling confession wrung from the party who did the very act. If the testimony does show this, then

under the decision of this court in *Storm* v. *Green,* 51 Miss. 103, the jury properly awarded exemplary damages.

The case above cited is the present case exactly, and should govern it. In that, three bales of cotton were forcibly taken possession of, valued at one hundred and seventy-five dollars, and four hundred and forty-three dollars was not considered an excessive verdict. If it were not, neither is the present one in this case.

I submit that the instructions were properly given, that the verdict is a very moderate one and does no more than give substantial justice in the matter, and should stand.

CAMPBELL, C. J., delivered the opinion of the court.

It was error to refuse the first and seventh instructions asked by the appellants and to give the sixth for the appellee. If the cotton was not produced by Lucy Warner, but was a part of her husband's crop, and her title to it was derived from her husband, the transfer was invalid unless it was in writing, acknowledged, and filed for record as required by § 1178 of the Code of 1880. If the title of Lucy Warner was not valid, the appellee, her vendee, acquired no right to the cotton and could not maintain this action, which rests on the assumption of a legal title in the appellee to the cotton converted by the appellants.

Whether the cotton was originally the property of the wife or her husband was a matter in controversy, as to which there was evidence on both sides, and the instructions mentioned above, as asked by the appellants, should have been given, and the sixth for the appellee should have been refused.

This is not a case for punitory damages, and the instructions on that subject should not have been given. If the plaintiff recovers, the measure of damages should be the value of the cotton and interest. There was nothing in the conduct of the appellants deserving of *punishment.* They appropriated a bale of cotton to which they thought they were entitled. If it was the property of the appellee, the legal wrong done him will be redressed, according to law, by awarding him the full value of the cotton when taken and legal interest and costs to be taxed.

*Reversed and remanded.*