## S. S. SNIDER *v.* UDELL WOODENWARE CO. ET AL.

1. HUSBAND AND WIFE. *Conveyances between.    Acknowledgment.    Notice.*
   *Code* 1892, § 2294.

   Under § 2294, code 1892, providing that conveyances between husband and wife shall be invalid as against third persons, unless acknowledged and recorded, an unacknowledged deed from a husband to his wife is invalid as against the attaching creditors of the husband, although recorded, and such creditors, prior to attaching, had actual notice of the conveyance and of its contents as they appeared of record.    Citing *Montgomery* v. *Scott,* 61 Miss., 409.

2. EQUITY. *Illegal act.    Demand connected therewith.*

   The test whether a demand connected with an illegal act can be enforced, is whether the plaintiff requires any aid from the illegal transaction to establish his case.    Citing *Gilliam* v. *Brown,* 43 Miss., 641.

74 Miss.—23

3. SAME. *Case.*

A tenant in common who in the prosecution of a scheme to acquire the interests of her co-tenants causes her husband to buy the land for her sole benefit at tax sale, the conveyance being made to the husband, cannot, as against his attaching creditors, maintain a bill to enforce a resulting trust in the land on the ground that her money was used in the purchase.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

It appears, from the averments of the bill of complaint filed by the appellant, that, in 1870, she and her two younger sisters owned the land in controversy as tenants in common and heirs of their deceased father, who died in possession during that year; that she married the defendant, L. Snider, during that year, and her sisters fell to her care; that shortly after the death of her father, on account of some complication concerning the title, she was advised by her attorney then employed by her, to let the land be sold for taxes, and buy it in her own name and hold it for her own benefit; that the land was sold for taxes in 1877, and her husband bought it for her with her money, but, by some inadvertence, the collector's conveyance was made to her husband; that she received the rents and profits, and did not know, until a few months prior to the filing of her bill, that the tax deed was made to her husband, when, on April 18, 1896, to remedy the error, he conveyed the property to her, the consideration expressed in his deed being $720; that her husband had become insolvent, and that it was agreed between them that she would take this deed in payment of a debt of several thousand dollars that he owed her, and for which she had no security; that this deed was not acknowledged, but was recorded without her husband's acknowledgment, and that, afterwards, on July 2, 1896, it was acknowledged by her husband and again recorded; that in the interval between the first and second recording of the instrument, the appellees, creditors of her husband, attached the land on the ground of her hus-

band's nonresidence, and that when said attachment was sued out, the appellees had notice of her title through their attorney, who had read the unacknowledged deed on the record of deeds of the county.

The bill made the husband of appellant and appellees' attorney parties defendant as well as the appellees, and prayed for an injunction, the dismissal of the attachment suit, and general relief.

Appellees demurred to the bill, assigning as grounds of demurrer the matters discussed in the opinion of the court. From a decree sustaining the demurrer and dismissing the bill, this appeal was prosecuted.

*F. B. Pratt*, for the appellant.

The bill clearly shows a resulting trust in the appellant. The wrong to her co-tenants, if any, was a matter that in no way concerned the appellees, and could not be availed of by them to defeat her remedy.    1 Pom. Eq. Juris., sec. 399; 15 Am. Dec., 756; 46 *Ib.*, 650.

*W. H. Powell*, for the appellees.

The deed to appellant was one made by her husband, and was invalid as to appellees, creditors of her husband, for want of acknowledgment, at the time their lien was fixed by attachment. Code 1892, § 2294.    The illegal recording of a deed affords no notice.    *Montgomery* v. *Scott*, 61 Miss., 409.    The complainant, by her fraud in procuring the tax sale to her husband, is estopped to claim any right thereunder.

COOPER, C. J., delivered the opinion of the court.

The demurrer to the bill was properly sustained.    The conveyance from Snider to his wife was not acknowledged, and was therefore not entitled to registration.    If the defendant or its attorney saw the copy of the conveyance spread upon the record, and read it, or if actual knowledge of the fact that the

conveyance had been made could be proved, no force would be given to the deed. It is not a question of notice, but of the validity of the transfer of the estate from the husband to the wife. The statute governing conveyances from husband to wife declares that they shall not be valid as against third persons unless in writing, acknowledged and recorded; and emphasis is given to this requirement by the declaration that change of possession shall not avail, but, "to affect third persons, the writing must be filed for record." Code, § 2294; *Montgomery* v. *Scott*, 61 Miss., 409.

The effort of complainant to disregard the conveyance, and fix upon the land a resulting trust, because her money was paid for the same at the tax sale under which her husband bought, must fail, for the reason that she shows by her own statement that the land, when sold for taxes, belonged to her, and to her two younger brothers or sisters, who were under her care, and that the sale for taxes was permitted by her to be made in order that she might "buy the same in in her own name, and for her own benefit." She cannot invoke the aid of a court of equity to enforce the contract made between her husband and herself in execution of this fraudulent scheme. She can obtain relief only by securing execution of that scheme, and to this a court will not lend its aid. The test whether a demand connected with an illegal act can be enforced is whether the plaintiff requires any aid from the illegal transaction to establish his case. *Gilliam* v. *Brown*, 43 Miss., 641.

*The decree is affirmed.*