## McCRORY *v.* DONALD.

[80 South. 643, Division B.]

1. JUDGMENT. *Foreign adjudication. Matter concluded.*
   Where a husband conveyed his lands to his wife at the same time, both in this state and the state of Alabama, the fact that the Alabama courts refused to set aside the conveyance as to lands in that state as a fraud upon his creditors, was not binding upon the courts of this state in a similar suit as to the lands in this state, the subject-matter and the law being different.

2. FRAUDULENT CONVEYANCES. *Evidence. Sufficiency.*
   In a suit to set aside a conveyance by a debtor to his wife as a fraud upon his creditors, the fact that he remained in possession of the property, exercised ownership, made representations that he was the owner and concealed such conveyance from his creditors by not recording his deed, was sufficient to justify a finding by the chancellor that he intended to defraud his creditors.

3. BANKRUPTCY. *Suit to set aside fraudulent conveyances. Intervention.*

Where after a suit was brought against a debtor to set aside a conveyance made by him to his wife, as a fraud upon his creditors, he went into bankruptcy, it was proper for the court to permit the trustee in bankruptcy to intervene on behalf of all the creditors of the bankrupt, to the end that such creditors should get a fair proportion of the assets of the bankrupt.

4. FRAUDULENT CONVEYANCES. *Subsisting indebtedness.*

Since sections 2522 of the Code of 1906 (Hemingway's Code, section 2056), expressly require a conveyance between the husband and wife to be recorded before it shall take effect, so far as any third party is concerned, a setting aside of a conveyance from a husband to his wife as fraudulent was not erroneous merely because when the conveyance was made the husband was not shown to have been indebted, where it is shown that he was indebted before such conveyance was recorded.

5. BANKRUPTCY. *Suits to set aside fraudulent conveyances. Determination of amount due creditors.*

Where in a suit to avoid a fraudulent conveyance the defendant was adjudged a bankrupt and the trustee intervened, the state court properly adjudged title to be in the trustee without ascertaining the amount due creditors since the Federal act of bankruptcy (U. S. Comp. St., sections 9585, 9656) vest title to the property of the bankrupt in the trustee and the bankrupt court has jurisdiction to determine the amount due creditors.

APPEAL from the chancery court of Clark county.

HON. G. C. TANN, Chancellor.

Suit by Winner, Klein & Co. and others against Bessie McCrory, wherein B. H. Donald, trustee in bankruptcy of R. M. McCrory, intervened. From a decree for intervener, defendant appeals.

The facts are fully stated in the opinion of the court.

*Robert L. Bullard,* for appellant.

Upon the threshold of this case lies a question which should obviate the consideration of any other. (1) Was the adjudication of the *bona fides* of the transaction out of which this deed grew, between this complainant

and respondent, in the Alabama court, *res adjudicata* of the same issue here. If so, that ends it, of course, and the bill will be dismissed.

The plea alleges, and it is admitted, that on the same day, at the same time, for the same cause, in the same transaction, by the same person, to the same person, and for the same consideration, two deeds were made. Both were parts of one transaction; as acts they could not be separated, one from the other. If one was fraudulent, both were fraudulant; if one was valid, both were valid. One could not be good and the other bad; one could not be valid as to creditors and the other invalid as to creditors.

One of these deeds is the deed attacked in this case, which the court is asked to declare invalid as to Mc-Crory's creditors; the other is the deed attacked in the Alabama court, which that court previously held was not invalid as to McCrory's creditors.

Upon this subject, there are two rules, well understood and enforced everywhere, viz: (a) Where the parties and the subject-matter of the suit, or cause of action, are the same; then, every material question or matter of fact that might have been put in issue, is conclusively settled between them, and their privies, everywhere and for all purposes, whether it was actually put in issue or litigated, or not. (b) Where the parties are the same, but the subject-matter of the suit or cause of action is different, then such material issues of fact as are actually put in issue and decided, are, to the same extent, concluded.

It is not the subject-matter of the former action that constitutes the estoppel; not the recovery itself, but the ground, the matter of fact, upon which it proceeds, or is defeated. Recovery upon any cause of action only goes to the extent of precluding recovery again upon the same cause of action, or of the same thing, but matter of fact necessarily in issue, or actually put in issue between them, constitutes the estoppel, and the

judgment of the court forever settles that issue of fact between the same parties forever and everywhere. *Williams* v. *Luckett* (Miss.), 26 So. 967; *Lehman et al.* v. *Glenn* (Ala.), 6 So. 44; *Steam Packet Co.* v. *Sickles* (U. S.), 5 Wall., 18 L. Ed. 550; *Outran* v. *Morwood*, (Eng.) 3 East. 346; *Cromwell* v. *County of Sac*, 94 U. S. 351, 24 L. Ed. 195; and if the court should care to investigate the question further, the following cases may be examined: 23 Cyc., 1295 and 1300, and authorities cited; *Lumber Co.* v. *Butchell*, 101 U. S. 638, 25 L. Ed. 1072; *Burrell* v. *Fulton*, 109 U. S. 637, 30 L. Ed. 511; *Burlen* v. *Shannon*, 99 Mass. 203; *Gardner* v. *Rucbee*, 3 Cow. 327; *Butt* v. *Sturnberg*, 4 Cow. 563; *Merriam* v. *Whitmore*, 5 Gray, 317; *Norton* v. *Huxly*, 13 Gray, 290; *Stephens* v. *Hughes*, 31 Pa. 385; *Hatch* v. *Garza*, 22 Tex. 187; *Clark* v. *Simmons*, 12 Iowa, 370; *Beloit* v. *Morgan*, 7 Wall. 623, 19 L. Ed. 206, in which last case the court said: "It results that an adjudication by a competent tribunal is conclusive, not only in the proceeding in which it is pronounced, but in every other, where the right or title is the same, although the cause of action is different," citing—2 Smith, L. Cas. 7th Am. Ed., 780; Bigelo on Estoppel (2 Ed.), 45; *Aurora* v. *West*, 7 Wall. 96; 9 L. Ed. 47; *Gould* v. *Ry. Co.*, 91 U. S. 526, 23 L. Ed. 416; *Outran* v. *Morwood*, 3 East, 346.

Upon the facts of this case, as set out in the plea and admitted by the appellee, I submit that the cause should be reversed and the bill dismissed. There is no evidence to support the finding that the deed of October 16, 1908, was made to defraud.

Let it be remembered that there is no allegation in the bill that McCrory owed anything at the time the deed was made. There is no allegation or pretense that he had any design to defraud any existing creditor, or that any creditor then existed even; there is no allegation or pretense that the parties to the deed did anything then, or thereafter, said anything then or there-

after, to mislead or defraud Winner, Klein & Company, or any person; there is no allegation or pretense that the deed was withheld from record or anything else done or omitted to be done by them with the purpose to defraud, or that any such thing did mislead or defraud, but the right to recover is predicted of the broad ground that they entertained then the specific intent to defraud his future creditors by placing his property beyond their reach. Such is his bill, in so far as it is sufficient to charge anything.

It is not complained in the bill or evidence that he became involved in debt until late in the year 1910, just before they began to sue him. Apparently, he paid up promptly before that time, there is no complaint, or proof, that he did not reasonably and promptly do so, and we are therefore warranted in saying that he did.

The burden is therefore on them to allege and prove that both McCrory, and his wife entertained the intent to defraud at the time the deed was executed; or to allege and prove, after the deed was executed, that she, Mrs. Bessie McCrory, did, or said, something with intent to deceive and defraud, and which did deceive and defraud. See Sec. 4778, Code 1906, and authorities cited in annotations.

The fact that the deed was not filed for record until June 1, 1910 is no evidence of fraud. It if had been withheld to mislead them, and had done so, or if any of McCrory's creditors had obtained from him any conveyance or lien against the land, by suit, or otherwise, before the deed did become operative as to them by being filed for record, and the right to recovery was predicated of that ground, then a different question would be presented. Such is not the case. *Johnson* v. *Columbus Banking Co.*, 85 Miss. 223.

There is not only no such allegation in this bill, but on creditor even intimates that he was misled by it.

And this not affected by section 2522, Code 1906, declaring conveyances between husband and wife void as to third parties, unless filed for record. This section does not declare the deed void, and therefore, it is not; it is only void as "to third parties," and when it was filed in 1910, it became valid against the world and the rest of mankind in general, except such "third parties" whose right in the thing conveyed, had intervened. If the complainant had filed is bill before that date, or otherwise acquired some lien, then it would be different, provided he predicated his right to recover on the fact. Such is not the case here. This is the clear meaning of that statute, as held in: *Green* v. *Weems,* 85 Miss. 556, where it is held: "Under Code 1892, section 2294 (Code 1906, section 2522), providing that a conveyance between husband and wife shall not be valid against third persons unless it is filed for record, a conveyance between husband and wife is not to be avoided as against a third person who did not become a lien creditor until after the conveyance was filed for record."

"*Austin Clothing Co.* v. *Posey,* 64 So. 5, wherein it is said: "All the judgments in favor of the other creditors were rendered and enrolled after the deed from Posey to his wife was filed for record. The conveyance was effectual as to all their liens."

This deed was on record long before there was ever any attempt to obtain any lien by means of suit, or otherwise, and there is not any attempt to show what debts McCrory contracted before or since, it was recorded. *Bridge* v. *Eggleston,* 14 Mass. 7 Am. Dec. 209; *Sexton* v. *Wharton,* 8 Wheat. 229, 5 L. Ed. 603.

The fact that McCrory became involved in debt in the latter part of 1910 is no evidence of intent to defraud which existed in 1908. Nor was the fact that he continued to manage the property, so far as renting it, collecting the rents, etc., went, any evidence of fraud.

The bill as a whole should be dismissed.

(3 and 4)—The decree is impossible under any theory of the pleading and evidence. Appellee was entitled to no decree until the court found, as a matter of fact, that the appellees were creditors, having a valid subsisting debt against R. M. McCrory, at the time, which they were entitled under the law to assert and recover on against him.

I respectfully submit that the cause ought to be reversed and the bill dismissed on any or all of the four propositions first discussed, but if not, at any rate, it will be reversed on the last.

*S. H. Terral, McBeath & Miller* and *Neville & Stone,* for appellee.

As to the construction of section 2522 of the Code of 1906, our contention with reference to this section is, that a conveyance from the husband to the wife, or converse, had absolutely no validity as to any third person, until the conveyance is acknowledged and filed for record; that the conveyances from McCrory to his wife were under this section without any force or effect whatever as to any third person, until they were recorded in June, 1910.

The position we take is, that the creditors of McCrory whose debts were in existence in June, 1910, when these debts were recorded, are to be treated and considered as existing creditors, with reference to such conveyances; in other words, that they are not to be considered as subsequent creditors, as was the case in reference to the deed dated October 16, 1908, to the lands in Choctaw County, Alabama, which deed was promptly recorded. *Montgomer* v. *Scott,* 61 Mis. 411; *Snider* v. *Udell,*'*Woodenware Co.,* 74 Miss. 354.

The identical question now being considered was passed upon by this court in the case of *McCabe* v. *Guido,* 77 So. 801, since the rendition of the decree in this case.

The case of *Green* v. *Weems,* 85 Miss. page 556, relied upon by the solicitors for the appellant, Mrs. McCrory, is not in conflict with our position. The facts stated by Chief Justice WHITFIELD, in his opinion on page 570, showed that the deed from Weems to his wife was executed for full value and in perfect good faith. The deed was dated Dec. 15, 1901, acknowledged April 29, 1902, and filed for record on July 28, 1902. In May, 1902, the husband, Weems, purchased merchandise from Green, and in January, 1904, Green obtained a judgment against Weems, whereupon Green filed a bill against Weems and his wife, seeking to set aside the deed made by Weems to his wife.

Under the decisions, of the supreme court of Mississippi, the law presumes that a voluntary conveyance is void as against existing creditors. This doctrine is so well founded that we deem it unnecessary to quote from but one opinion. *Cock* v. *Oakley,* 50 Miss. 631.

But we contend, irrespective of section 2522, that the deeds from McCrory to his wife should be set aside, because the property was allowed to remain in the possession and under the control of McCrory, and that knowledge of such conveyances was withheld from the creditors who dealt with McCrory, these creditors having dealt with him upon the faith of him owning property. *Schreyer* v. *Scott,* 134 U. S. 405, 33 L. Ed. 958; *Winn* v. *Barnett,* 31 Miss. 653; *Rankin* v. *Holloway,* 3 S. & M. 624.

So we submit that under these authorities, the deeds in question should be set aside, even though the creditors who were in existence at the time of the bankruptcy of McCrory should be treated and considered as subsequent creditors to these conveyances from Mccrory to his wife.

In discussing section 2522, we have endeavored to show that under that section, McCrory's creditors are to be treated and considered as existing creditors as of the date of the recordation of these deeds; but if we

are mistaken in that, we submit that under the the authorities of the supreme court of the United States, and of the state of Mississippi, the deeds should be set aside, because Mrs. McCrory permitted the possession of these lands to remain with McCrory, and permitted him to deal with them as his own, and that the creditors dealt with him on the faith of his ownership of the lands.

It cannot be disputed that this conduct on the part of McCrory and his wife in not recording those deeds resulted disastrously to McCrory's creditors. After the giving of the first deed, to the major portion of this property, McCrory purchased about thirty thousand dollars worth of goods. At the time he went into bankruptcy, his liabilities exceeded his assets about twelve thousand dollars and his wife was the owner of valuable real estate, for which she paid nothing.

The supreme court of Mississippi, in the case of *Hilliard* v. *Cogle,* 46 Miss. 309, said: "One is conclusively presumed to have intended fraud if it necessarily and logically results from his conduct."

And the supreme court of Mississippi further said, in the case of *Robertson* v. *Columbus Insurance Co.,* 85 Miss. 234; "Courts look to the dealing and conduct of the parties rather than to any declaration they make as to the fraud, or not, of the transaction assailed."

The supreme court of this state further said, in the case of *Kaufman* v. *Whitney,* 50 Miss. 103: "Owing to the relationship between husband and wife, a conveyance from one to the other should be closely scrutinized."

Now, in conclusion, we desire to call your honor's special attention to the opinion of Judge J. B. HARRIS, Special Judge, in the case of *Winn* v. *Mason,* 72 Miss. 429. It seems to us that the opinion of the supreme court in the Winn case is conclusive of the case at bar. In the Winn case, the deed from the husband to the wife was promptly recorded, and the wife paid to the

husband for the lands a sum of money much less, however, than their true value, so the conveyance in the Winn case was not a voluntary one.

We ask your honors to read the opinion of Judge Harris in considering this case.

It was strenuously insisted by the attorneys for Mrs. Mason, that in view of the fact that the creditors who assailed the conveyance were subsequent creditors, and that the deed from her husband to herself was properly and promptly recorded, that they had no right to attack the deed. Responding to that contention, Judge Harris wrote as follows:

"It is earnestly insisted by counsel for the appellee that the creditors who are assailing this conveyance are subsequent creditors, and that as the deed was recorded, they had notice of it, and consequently they cannot claim to have been defrauded. But whatever may be the effect ordinarily of the recording of a deed as constructive notice, it was not intended that the registry laws should constitute a shield for actual fraud. It has been held in this state, in a well considered case, that the holder of a recorded title may by conduct inconsistent with such title, be estopped from asserting that title as against the party who has been misled by his conduct. *Staten* v. *Bryant,* 55 Miss. 261."

Further along in his opinion, Judge Harris wrote as follows: "All the authorities agree in holding that a voluntary conveyance is presumably void as to existing creditors, and the burden of proof is on the party making the conveyance to support it. The authorities are equally unanimous that a voluntary conveyance can be set aside by subsequent creditors if made with the intent to defraud them, the only difference being that as to subsequent creditors, the burden of proof is on them to show that the conveyance was made for the purpose of defrauding them. The result is the same in either case, and the question is one of the burden of proof."

Now, to recapitulate: We contend, first, that under
section 2522 all the creditors in this case are to be
treated and considered as existing creditors as of the
date of the recordation of the deeds from McCrory to
his wife, to wit, June, 1910: second, that under the
authorities cited by us, from the supreme court of the
United States and the supreme court of Mississippi,
the fact that McCrory was allowed to remain in posses-
sion of the lands conveyed to his wife, and obtained
credit on the faith of his ownership of them, the deeds
should be set aside; third, that the proof shows a
fraudulent scheme by McCrory to defraud not only his
existing creditors, but his subsequent creditors.

ETHRIDGE, J., delivered the opinion of the court.

R. M. McCrory was engaged in business at Pachuta,
Miss., in the year 1908, and prior thereto, and subse-
quent thereto, until the year 1911, when he was thrown
into bankruptcy by his creditors. In October, 1908, R.
M. McCrory, being then the owner of considerable real
estate, executed a voluntary deed of conveyance to his
wife Mrs. Bessie McCrory, conveying lands in Jasper
and Clarke counties, Miss., and in Choctaw county, Ala.
The deeds to Mrs. McCrory were not filed for the
record until the fall of the year 1910, when they were
filed for record and recorded. Thereupon Winner, Klein
& Co., a firm of wholesale merchants, filed a creditors'
bill in the chancery court of Clarke county to have said
conveyances set aside and canceled as being a fraud
against the creditors of R. M. McCrory. They invited
other creditors to join in the creditors' bill. Shortly
after this bill was filed McCrory was adjudged a bank-
rupt, and B. H. Donald, trustee in bankruptcy, inter-
vened in this suit on behalf of the creditors, the petition
for ntervention setting out McCrory's bankruptcy, the
appointment of Donald as trustee, and the schedules
of indebtedness and schedules of property of said bank-

rupt being set forth. There seems to have been no answer filed to the petition nor any objection made thereto at the time, and the court entered an order permitting Donald to intervene. It appears in evidence that at the time of making the deeds from R. M. McCrory to his wife, that R. M. McCrory was not in debt to any considerable extent, if at all, but subsequent to making this deed to his wife and prior to the recording of the deeds in Mississippi, McCrory made large accounts for merchandise on credit, and at the time of the filing of the creditors' bill was largely indebted to Winner, Klein & Co., and also made numerous other creditors. The deed made to Mrs. McCrory to some of the property situated in the state of Alabama seems to have been promptly recorded there. Subsequent, however, to the recording of the Alabama deed, and prior to the filing of the Mississippi deed for record, Mrs. McCrory bought and paid for other real estate in Alabama, and a creditors' bill was filed in the court in the state of Alabama seeking to set aside the Alabama conveyances, which suit resulted in the Alabama supreme court holding that the deed made in October, 1908, to the Alabama property, which appears to have been made at the same time as the deed to the Mississippi property, the Alabama deed having been promptly recorded, and McCrory not being then indebted to the complainants, that the sale of the lands to Mrs. McCrory by R. M. McCrory as to the Alabama lands conveyed in 1908 are not fraudulent, but that the property subsequently purchased was fraudulent as to the creditors because proof was adjudged sufficient to show that it was paid for with the means of R. M. McCrory, fraudulently concealed from his creditors. See *McCrory* v. *Donald,* 192 Ala. 312, 68 So. 306. It appeared in evidence from the records introduced from the bankrupt court that McCrory was indebted to creditors in about the sum of fourteen thousand dollars, and that the only property he then had, would amount to little more than two

thousand dollars, being wholly insufficient to satisfy the domands of his creditors. It further appears from the evidence of some of the creditors that they did not know of the conveyance, and that R. M. McCrory had represented that he was the owner of said property, and that the goods were sold to · him on the faith of his ownership of the property, and that he was apparently in possession of the property, receiving the rents and dealing with it as though it were his property. The chancellor entered a decree at the conclusion of the testimony cancelling the conveyances to the appellant, and vesting the title to the land so conveyed in the appellee, Donald, as trustee in bankruptcy.

The appellant presents the following contentions: First, that the supreme court of Alabama has decided· the precise questions at issue between the same parties, and that the judgment of that court is conclusive in this controversy; second, that there is no evidence on which a finding of any intent to defraud can be based; third, that it was error to permit B. H. Donald, trustee, to intervene to prosecuted the suit; fourth, it was error to· disturb the conveyances when it was not shown that the grantor owed a subsisting debt that the creditor could assert against him; fifth, that it was error to decree a fee-simple title to the property which was in the appellee, without ascertaining the amount, if anything, due, and ordering the property sold to pay it.

As to the first proposition, we do not understand that the decree of the Alabama court arising over a contest of the sale of land situated in Alabama is binding upon either party in a contest in Mississippi over lands conveyed and situated in Mississippi, because there is a difference of subject-matter, and of law. The laws of each state must necessarily determine the validity or legality of conveyances of land within its own borders, and each state enacts statutes upon this subject, and has its own policy and line of decisions as to whether such conveyances are valid contracts or not. In addition to

this the conveyance in Alabama was promptly recorded, while the Mississippi conveyance was not recorded. It rather appears from the decisions of the Alabama court referred to that the fact of prompt recordation was influential, if not determinative, of the validity of the conveyance of the Alabama land in 1908, and that the Alabama lands purchased subsequent to the incurring of debts by R. M. McCrory was set aside in Alabama as a fraud on creditors.

As to the second proposition, we think the record contains sufficient evidence to warrant the chancellor in finding as a fact that McCrory intended to defraud his creditors because his conveyances were kept from the record. McCrory apparently remained in possession of the property, exercised acts of ownership over it, and, according to some of the evidence, made representations that he was the owner, and proceeded to incur large indebtedness, knowing that he had made such conveyance and concealing it from his creditors. The fact that the appellant permitted her husband to remain in possession and control of the property so as to mislead his creditors is, in itself, evidence to be considered by the court, in connection with the fact that the deed was not recorded, and she made no sufficient effort to see that it was recorded.

We do not think it was error for the court to permit the trustee in bankruptcy to intervene on behalf of all of the creditors of R. M. McCrory. Indeed, we think it was proper for the trustee to intervene to the end that the creditors of the bankrupt would each get a fair proportion of the assets properly belonging to McCrory and subject to his debts.

In answer to the fourth proposition we think that the conveyance in this case must be considered as having been executed and becoming effective only on the date of its recordation. The appellant is the wife of the bankrupt, R. M. McCrory, and was at the time of the conveyance. Section 2522, Code of 1906 (section 2056,

Hemingway's Code), expressly requires a recording of the instrument before it shall take effect so far as any third party is concerned. This section in full reads as follows:

"A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record."

So far as the creditors of R. M. McCrory are concerned, this deed had no effect until it was filed for record. The statute has been construed in numerous decisions of this court, and all of them hold that such conveyances are not effectual to affect the interest of any third person until acknowledged and actually filed for record. Being then a conveyance, for the purposes of this suit, as of the date of its recordation, the creditors were not subsequent creditors, but were existing creditors, and the deed being a voluntary conveyance without consideration could be set aside by the creditors.

In reference to the fifth proposition, in which it is urged it is error to decree the fee-simple title to the property in question to the trustee in bankruptcy without ascertaining the amount due the respective creditors, we find the federal act of bankruptcy (U. S. Comp. St., sections 9585-9656) vests title to the property of the bankrupt in the trustee. The bankrupt court has jurisdiction to determine the amount due each creditor by the bankrupt, and what amount and what properties of his assets shall go to each particular creditor, and in case the property brought more than enough to pay the creditors, the bankrupt court would make the proper disposition of the funds, or, if the bankrupt or his wife should satisfy the creditors by paying into the bankruptcy court sufficient funds to pay

all debts, the court could make proper order conveying
the property back to the appellant or to the bankrupt,
according to right and justice of the case. It was not
the duty of the chancery court to ascertain and enter
into a controversy or hearing to ascertain the rights
between the respective creditors and the bankrupt, but
the chancery court made proper order. It follows from
what is said that the judgment of the court below is
affirmed.

*Affirmed.*