CARBERRY *et al.* v. LANN-CARTER HARDWARE CO.

[88 South. 769, No. 21749.]

FRAUDULENT CONVEYANCES. *Conveyance of interest in land by husband to wife void as to creditors existing prior to filing for record.*

Under the provisions of section 2522, Code of 1906 (section 2056, Hemingway's Code), which among other things provides that a conveyance of land between husband and wife "shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record," a conveyance of any interest whatever in land by the husband to the wife is void as to the creditors of the husband whose debts were contracted prior to the filing of such conveyance for record.

On suggestion of error.  Suggestion of error overruled. For former opinion, see 88 So. 532.

*Paine & Paine,* for appellant.

As to the cross-appeal of the appellee, we respectfully submit the following: The court held, and the decree recites that this deed by Mr. & Mrs. Carberry to Leo Carberry was made in good faith, and was not withheld from the record fraudulently and that it was filed for record three years and three months before appellee recovered a judgment. The record also shows that appellee had no lien of any kind until this judgment was recovered. The record further shows without dispute that the deed was executed May 8, 1908. That at the time the deed was executed Mr. Carberry did not owe any creditors and of course could not and did not execute the deed with any fraudulent purpose of defrauding appellee, whose debt was not contracted until the year 1914. The proof also shows that at the time he executed this deed, and at the time he contracted the debt, that he had other property, and was not insolvent. That he executed the deed in conformity with the plan which he had adopted with his first set of children, to-wit: The ones in Iowa; that was to deed them property and reserve a life estate therein. His purpose was clearly shown that he wanted Leo Carberry, the child of his old age, to have the Monroe County land and that he did not want or expect the Iowa children to have any interest in it. The fact that he had executed this deed to Leo, was not kept secret but on the contrary was openly discussed with all his friends and acquaintances. He was shown to have been a man of splendid reputation and even the appellee, through its president, admitted it. All these facts were found by the chancellor in favor of the appellant.

There was and could have been no actual fraud in the execution of this deed or the withholding of it from record. It is true that when actual fraud is proven, a creditor will

prevail over a vendee in an unrecorded deed, no matter whether the creditor has a lien or not, and no matter whether the deed is voluntary or for a valuable consideration. But where actual fraud is not proven, and the deed is not recorded through inadvertence or negligence, the grantee will prevail against all subsequent creditors, except such creditors as have obtained a lien by judgment or attachment or the like, prior to the recordation. Appellee relies on section 2787, Code of 1906, to the effect that an unrecorded deed is void as to all creditors and subsequent purchasers for value and without notice. But a complete answer to this is that the word "creditors" in this section applies to only such creditors as have obtained a lien by attachment or judgment, prior to the recordation of the deed. *Johnson* v. *Bank,* 85 Miss. 252; *Loughridge & Bogan* v. *Bowland,* 52 Miss. 546; *Green* v. *Weems,* 85 Miss. 566.

In the case at bar, it is admitted that appellee did not obtain judgment until three years and three months after the deed was recorded. Therefore this section is of no benefit to appellee.

We admit that wilful withholding of a deed from record to obtain fictitious credit, is a fraud on subsequent creditors and that subsequent creditors can avoid the conveyance, when the intention was such that the grantor gained credit on the strength of his concealing his insolvency. But we submit that the facts show that the deed was not withheld from record with any fraudulent purpose as decreed by the court. The record shows that at the time the deed was executed and at the time the. debt was contracted, the grantor was not insolvent. But on the contrary Carberry had a life estate in valuable lands in Iowa and a life estate in the lands in question, a section of land, the rents from all of which amounted to a considerable amount yearly.

It is also true the deed was a voluntary deed but a voluntary deed is not fraudulent *per se,* even as to existing creditors, and it is not necessarily void as to subsequent creditors. Whether a voluntary deed is fraudulent as a

matter of law as to existing creditors, depends upon the financial condition of the grantor at the time the deed is executed or the debt is contracted. See *Wilson* v. *Kohlhaim,* 46 Miss. 346.

This court will also bear in mind that in the case at bar the grantee was a minor of tender years when the deed was executed, and a minor when the deed was recorded. That the failure on his part to record the same until 1915 was due to inattention on his part, and the chancellor held in the opinion and decree under the facts in the case that the withholding of the deed was not fraudulent. We therefore submit that the findings of facts by the chancellor on the cross-appeal of appellee, settles the cross-appeal, and the same should be affirmed as to it.

The case of *McCrory* v. *Donald,* 119 Miss. 256, cited by counsel for appellee is not in point. In that case the court held that the execution of the deed constituted actual fraud, which vitiates all deeds; and besides this, the deed was between husband and wife; and the recordation of the same required under a special section of the code, to-wit: section 2522, Code of 1906, which said section is not involved in the case at bar.

We ask pardon for this prolix brief, and respectfully submit the case should be reversed and bill dismissed on the direct appeal, but affirmed on the cross-appeal.

*Leftwich & Tubb,* for appellee.

Suppose we were to grant, for argument's sake, the claim of counsel for appellant that the reservation or exception in the deed worked a transfer of interest in the life estate to the wife. Should we grant that argument, then in that event the chancellor was still right, for if the deed should be considered a conveyance from Mr. Carberry to his wife, as it plainly is not, then, so far as creditors were concerned, it had no effect whatever until recorded. Sec. 2522, Code of 1906 (Sec. 2056, Hemingway's Code) ; *McCrory* v. *Donald,* 119 Miss. 256.

In construing that section on the very point in contro-
versy in the case of *McCrory* v. *Donald, supra,* the court
found the facts on page 267 as follows: "It appears in evi-
dence that at the time of making the deeds from R. M. Mc-
Crory to his wife, that R. M. McCrory was not in debt to
any considerable extent, if at all, but subsequent to mak-
ing this deed to his wife and prior to the recording of the
deeds in Mississippi, McCrory made large accounts for
merchandise on credit, and at the time of the filing of
the creditor's bill was largely indebted to Winner Klein &
Co., and also made numerous other creditors."

Further on in the opinion this court remarked that sec-
tion 2522, *supra,* expressly requires a recording of the in-
strument before it shall take effect so far as any third
party is concerned. And under the facts in that record as
described in the opinion, in speaking as to whether the
creditor was existing or subsequent, the court at page 270
used this language:

"So far as the creditors of R. M. McCrory are concerned,
this deed had no effect until it was filed for record. The
statute has been construed in numerous decisions of this
court, and all of them hold that such conveyances are not
effectual to affect the interest of any third person until
acknowledged and actually filed for record. Being then
a conveyance, for the purpose of this suit, as of the date
of its recordation, the creditors were not subsequent credi-
tors, but were existing creditors, and the deed being a
voluntary conveyance without consideration, could be set
aside by the creditors."

So it must follow that if the court should grant the
contention in their brief that the controverted paragraph
in the deed as already quoted, works a transfer of some
interest to Mrs. Carberry in homestead, the deed so far
as she was concerned had no effect whatever until placed
of record, which was the 18th day of December, 1915, which
was two years, lacking two and a fraction months, after the
debt was contracted; and the deed so far as it affected her
interest was plainly a voluntary deed, and so far as the

interest of the appellee was concerned, it had no existence whatever until recorded. As to her, accordingly, the appellee was an existing creditor and under the numerous authorities already cited, a gift or a voluntary conveyance of a grantor's property is void as to existing creditors, for the law has always held that man must be just before he is generous.

ANDERSON, J., delivered the opinion of the court.

Counsel for the appellants in their suggestion of error among other things say:

"We prided ourselves on the fact that we had written an unanswerable brief with reference to the errors of the chancellor in the lower court. The affirmance of the cause by the court without an opinion doesn't give us an opportunity to demonstrate to the court wherein Judge SMITH's affirmance is error. . . . The legal principles involved and discussed by us in our brief are in our opinion of interest to the legal profession in this state."

This is a bill filed by the appellee in the chancery court of Monroe county against Mrs. Emma Carberry, the widow, and James Carberry, Jr., a son of James Carberry, deceased, and against his said widow as his administratrix, the appellants, to subject to a judgment theretofore recovered by the appellee against the estate of said decedent certain lands alleged in the bill to be liable to said indebtedness. The cause was heard on bill, answer, and proof; and there was a decree sustaining the bill as to a certain interest in the six hundred forty acres of land involved, which the court found belonged to the estate of decedent, and liable to said judgment. From that decree there was a direct and cross-appeal.

On May 8, 1908, the decedent, James Carberry, who was the owner of a section of land described as section 32, township 13, range 8, Monroe county containing six hundre forty acres, made a voluntary conveyance of the same to the appellant, his son, James Carberry, Jr., who was at

the time a mere infant, his wife, the appellant Mrs. Emma Carberry, who owned no interest in the land, joining in the conveyance. The following is a copy of that part of the deed out of which the questions in this cause arise:

"We reserve the possession and right of possession to both and each of us, jointly and severally during our lives, and the life of the survivor to the above-described lands. We also reserve the right to commit waste on said lands, and to alter, repair, tear down, or erect buildings, fences or any other fixtures. We also reserve the right to lease or rent said lands and to have and collect said rents for the above periods. It is our express wish and desire that our son, James Leo Carberry, do not sell said lands but reserve it for the heirs of his body."

The deed was properly acknowledged by James Carberry and his said wife, but was not filed for record until the 18th day of December, 1915. Between the date of the execution of said deed and the date it was filed for record the debt upon which the judgment is founded in favor of appellee was contracted by the deceased, James Carberry. The judgment thereon, however, was not recovered until after the deed had been filed for record, and after the death of the said James Carberry. Execution was issued on the judgment, and returned "nulla bona." Furthermore, the evidence in the case shows that the decedent, James Carberry, had not sufficient personal property with which to pay this judgment and his other debts.

The deed contains no words of grant whatever to the appellant Mrs. Carberry, but does contain the usual clause granting the fee to the son, James Carberry, Jr. It was contended on behalf of appellee that this deed excepted out of the conveyance to the son, James Carberry, Jr., an estate to the grantor, James Carberry, Sr., during his own life, as well as during the life of his wife, the appellant, Mrs. Emma D. Carberry, and that on account of the fact that she had survived him there was left in him subject to appellee's judgment, an estate in said land for the life of his said widow; and the court below so held. And it was

further contended for the appellee that if Mrs. Carberry got any estate by the deed, good as between herself and husband, the conveyance was nevertheless void as to appellee under section 2522, Code of 1906 (section 2056, Hemingway's Code). On the other hand, it is contended on behalf of the appellants that the deed in question reserved to the grantor an estate in the land conveyed during his lifetime, and an estate in his widow after his death during her lifetime, and therefore there was no interest in said land after the death of the grantor belonging to his estate to be taken by said judgment.

It may be granted that by the deed in question James Carberry, deceased, conveyed or reserved to his wife a life estate in his lands, and it may be conceded that such conveyance as between them is valid, and still by virtue of section 2522, Code of 1906 (section 2056, Hemingway's Code), under the facts of this case she holds such estate subject to appellee's judgment.

Section 2522, Code of 1906 (section 2056, Hemingway's Code), provides:

"A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record."

Under the plain terms of this statute this deed did not take effect as to his creditors until filed for record; and when it was filed for record the debt which is the foundation of appellee's judgment had been contracted and was owing by the husband. The deed was voluntary. Under the law a debtor cannot give away his property, even to his wife, and thereby defeat his creditors. The deed, if valid as between the husband and wife to reserve or convey to her a life estate in this land, is nevertheless void under this statute as to appellee's judgment. The statute goes to the

root of and solves the whole contention of appellant Mrs. Carberry against her.   This is no new question in this state.   By repeated decisions the ruling of the court in the instant case is sustained.   *McCrory* v. *Donald,* 119 Miss. 256, 80 So. 643; *Snider* v. *Udell Woodenware Co.,* 74 Miss. 353, 20 So. 836; *Gregory* v. *Dodd,* 60 Miss. 549; *Black* v. *Robinson,* 62 Miss. 68.   Therefore, in considering and deciding this case, it becomes wholly unnecessary to go into the other questions raised on behalf of appellants.   It is a well-settled principle that courts of last resort will not decide questions not necessary to be decided in order to dispose of a cause.

*Suggestion of error overruled.*