INZER, Justice.
Appellant R. C. Hudson, Administrator of the Estates of Georgia Lee Hudson and Henry Milton Hudson, recovered a judgment against appellee Leland Allen for $80,000 as a result of a tort action growing out of an automobile accident which occurred on January 26, 1969. The judgment was duly enrolled in Kemper County. Appellant then filed this suit in the Chancery Court of Kemper County to set aside two deeds whereby Mr. Allen conveyed all of his property to his wife, Christine L. Allen. The recited consideration in each deed was $1 and love and affection. The first deed was executed on December 14, 1968, and the second deed was executed on April 21, 1969. Both deeds were filed for record in the office of the Chancery Clerk of Kemper County on May 18, 1970. Mr. Allen testified that he was in bad health, his children were grown and the purpose of the deeds was to give this property to his wife prior to his death.
The chancellor held that the first conveyance on December 14, 1968, was a voluntary conveyance without valuable consideration but since appellant was not an existing creditor at the time it was executed the burden was upon the appellant-to prove actual fraud, which he failed to do. As to the second deed the chancellor held that the appellant was an existing creditor on the date it was executed and at that time Mr. Allen was heavily indebted to others in addition to the claim of appellant. The court held that since it was a voluntary conveyance the presumption of fraud arose and appellees failed to overcome this presumption. The lien was declared on the property and execution directed. The administrator has appealed from that part of the decree of the chancery court refusing to set aside the first deed. Appellees have not cross appealed and the second deed is not involved on this appeal.
On appeal, appellant contends that the chancellor was manifestly wrong in failing to hold that the deed executed on December 14, 1968, was invalid for the reason that under the provisions of Section 93-3-9, Mississippi Code 1972 Annotated, the deed did not become effective as to third parties until it was filed for record and he was an existing creditor at the time the deed was filed for record. We are of the opinion that there is merit to this contention.
Section 93-3-9, supra, states:
A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, *403 unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be. Possession of the property shall not be equivalent to filing the writing for record, but to affect third persons, the writing must be filed for record.
It appears that the foregoing section appeared for the first time as Section 1178, Mississippi Code of 1880. This Court first construed the statute in Gregory, Stagg & Co. v. Dodds, 60 Miss. 549 (1882), and in so doing stated:
The evil sought to be guarded against was the frequent perpetration of frauds by pretended transfers of property between husbands and wives, and the very great difficulty of detecting them. Such was the magnitude of the evil that the lawgiver sought at once to extirpate it by declaring void, as to third persons, every such conveyance, whether made bona fide or mala fide, unless the same is in writing and spread at large upon the public records of the country. The whole object of the enactment would be defeated if the party could escape its effects by parol proof of a verbal transfer antedating the creation of the debt to which it was attempted to subject the property transferred, since the same difficulty in establishing the true date of the transfer must exist as there always was and always will be in disproving the fact that any such transfer ever took place. The only way to obviate this difficulty and make the law effective is to enforce it exactly as written, by holding that wherever the rights of any third person intervenes, whether he be creditor or purchaser, and whether his rights accrued before or after the alleged transfer, no proof of a transfer made in any other method than in that pointed out by the statute shall be received. Transfers made otherwise are good between the parties and volunteers claiming under them, but void as to all others. (60 Miss, at 552, 553).
McCrory v. Donald, 119 Miss. 256, 80 So. 643 (1918), involved a voluntary deed executed by McCrory to his wife in 1908. It was not filed for record until 1910. At that time McCrory was heavily indebted resulting in bankruptcy. A suit was filed to set aside the deed and the trial court set it aside. On appeal, it was contended that the debts of McCrory arose after the deed to his wife was executed and that the burden was upon his creditors to prove that both he and his wife intended to defraud his creditors at the time the deed was executed. This Court, after setting out the provisions of Section 2522, Code of 1906, now Section 93-3-9, supra, stated:
So far as the creditors of R. M. Mc-Crory are concerned, this deed had no effect until it was filed for record. The statute has been construed in numerous decisions of this court, and all of them hold that such conveyances are not effectual to affect the interest of any third person until acknowledged and actually filed for record. Being then a conveyance, for the purposes of this suit, as of the date of its recordation, the creditors were not subsequent creditors, but were existing creditors, and the deed being a voluntary conveyance without consideration could be set aside by the creditors. (119 Miss, at 270, 80 So. at 645).
In Carberry v. Lann-Carter Hardware Co., 126 Miss. 293, 88 So. 769 (1921), in construing this statute we said:
Under the plain terms of this statute this deed did not take effect as to his creditors until filed for record; and when it was filed for record the debt which is the foundation of appellee’s judgment had been contracted and was owing by the husband. The deed was voluntary. Under the law a debtor cannot give away his property, even to his wife, and thereby defeat his creditors. The deed, if valid as between the husband and wife to reserve or convey to her a life estate in his land, is nevertheless void under this statute as to appellee’s judgment. The statute goes to the root of and *404 solves the whole contention of appellant Mrs. Carberry against her. This is no new question in this state. By repeated decisions the ruling of the court in' the instant case is sustained. McCrory v. Donald, 119 Miss. 256, 80 So. 643; Snider v. Udell Woodenware Co., 74 Miss. 353, 20 So. 836; Gregory v. Dodd, 60 Miss. 549; Black v. Robinson, 62 Miss. 68.
(126 Miss. at 300, 301, 88 So. at 770).
To the same effect is Dogan v. Cooley, 184 Miss. 106, 185 So. 783 (1939).
The chancellor in his opinion cited and relied upon Burks v. Moody, 141 Miss. 370, 106 So. 528 (1926). But the deed in that case and the cases cited therein involved transactions between husband and wife executed for full value and in good- faith. The court pointed out in the opinion on the suggestion of error, that the rule announced in McCrory v. Donald, supra, and Carberry v. Lann-Carter Hardware Co., supra, applied to transactions where the deeds were not supported by valuable consideration but were deeds of gifts.
The deed in question was not supported by valuable consideration but was a gift to the wife. It was not filed for record until after the claim of appellant arose, consequently appellant was an existing creditor at the time it was filed for record. By the plain terms of the statute and under the decisions construing the statute the deed was void as to appellant and appellant as a judgment creditor is entitled to subject this property to the execution under his judgment.
For the reasons stated, this case is reversed and remanded for the entry of a decree and further proceeding in accordance with this opinion.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH, ROBERTSON, SUGG, and BROOM, JJ., concur.